ALLEN, Judge.
Appellants, defendants below, appeal their convictions for violations of the lottery laws. Appellants Lemus were charged with conducting a lottery, possession of lottery paraphernalia and, with appellant Mosley, with possession of lottery tickets. The appellants were tried before a jury and following denial of a motion to suppress certain evidence and denial of motions for directed verdict, the appellants were convicted. A motion for new trial was denied and appeal ensued.
The State’s case in chief consisted of the testimony of an arresting officer, Deputy Sheriff Henning, an “expert witness,” Deputy Sheriff Clifton; and the introduction, over objection, of three exhibits, a wash *144 cloth, a pencil and a slip of paper. Clifton’s testimony was limited to identifying the paper as a “bond” ticket and describing the operation of the lottery known as “bond.”
Henning testified that on or about November 3, 1961, Sheriff Deputy Kenneth Henning, and Deputy David Mount, had occasion to go to the grocery and sundry store located at 1608 N. Boulevard, Tampa, owned and operated by appellants Lemus. Deputy Henning testified that his sole reason for going upon said premises was for “bolita.” Upon entering the grocery store, he observed appellant Mr. Lemus on the telephone (not talking but simply with the receiver to his ear) ; appellant, Mrs. Lemus, was approximately three feet away from her husband preparing a cuban sandwich (as part of sales, the Lemus’ also prepare and sell sandwiches) ; appellant Tom Mosley was in front of Mrs. Lemus and on the opposite side of the counter. Mosley was some six feet away from Henning, and Mr. Lemus was between ten feet to twelve feet away. Upon entering, Henning further observed a small, piece of paper in Mosley’s hand, which he testified Mosley put in his right front pocket. Henning was not able to see if there was any writing on this piece of paper. He testified that Mrs. Lemus said something in Spanish which he did not understand; that thereupon, Mr. Lemus replaced the receiver on the hook while Mrs. Lemus wiped the counter with a wash rag. Henning testified that he could not read or see any writing on the counter. After searching the premises for evidence, Hen-ning advised appellant, Mosley that he was placing him under arrest for possession of “bolita.” It is interesting to note at this point that the testimony of Henning is contradictory with respect to whether he searched Mosley prior to placing him under arrest, or, if he had placed him under arrest and then searched him.
Henning’s search of Mosley produced the piece of paper, identified by Clifton as a “bond ticket.” Henning testified that Mosley admitted that the paper was such and said that he (Mosley) had purchased it several days earlier from the Lemus’. Finally, Henning testified to his knowledge of the operation of a “small lottery business.” According to this testimony the seller would write the numbers on a counter or slate until after calling them into the bank and then erase the numbers. At the conclusion of this testimony, the defense moved for directed verdicts of acquittal, which motions were denied.
With respect to the appellants Lemus, the record is devoid of any evidence to sustain a conviction for possession of lottery tickets, accordingly the court erred in not directing a verdict with respect to the third count of the indictment. Insofar as the counts for possession of lottery paraphernalia and conducting a lottery are concerned, the evidence consisted entirely of testimony that Mr. Lemus hung up the phone, that Mrs. Lemus wiped off á counter, and that a washcloth and pencil were in the store, all viewed in terms of Hen-ning’s testimony concerning the operation of a small lottery business. That such circumstantial evidence was insufficient, under the circumstances, to sustain a conviction is too well settled to require extensive discussion or citation. E. g. Diecidue v. State, Fla.1961, 131 So.2d 7.
There remains the question of appellant Mosley’s conviction of possession of a lottery ticket, a conviction grounded in the testimony as to Mosley’s admission and the paper, identified as a bond ticket, taken from Mosley upon a search. Accepting, as we must, the resolution of fact as to the time of arrest and the nature of the paper found made by the triers of fact, there remains the question of the reasonableness of the arrest and search upon which the legitimacy of the evidence depends.
The validity of the arrest and consequent search necessarily depend on the existence of reasonable grounds therefor. Mosley was unknown to the officers and the *145 predicate for the arrest was necessarily those same circumstances later urged as grounds for conviction of the appellants Lemus. While the facts constituting probable cause need not meet the standard of conclusiveness and probability required of the circumstantial facts upon which conviction must be based, we are persuaded that the circumstances in the instant case neither, as aforesaid, justified conviction nor constituted reasonable grounds for arrest. Mosley’s mere presence on the premises of a store suspected, at times, as the scene of lottery sales, at a time when events in the store indicated nothing inconsistent with the normal and legitimate operation of a sundry and sandwich business, are scarcely cause for arrest and search.
The court having erred in not quashing the evidence upon which Mosley’s conviction turned, the conviction must be reversed.
Reversed.
SMITH, C. J., and BARKER, ROGER, Associate Judge, concur.