PER CURIAM.
By information the appellant was charged in separate counts with (1) buying, receiving or aiding in the concealment of stolen property, well knowing the same to be stolen; (2) possession of a pistol after having been convicted of a felony; and (3) of manual possession and carrying around a pistol without a license therefor. Upon trial before the court the appellant was found and adjudged guilty of the first two of said offenses and was acquitted of the third. The court imposed two sentences of five years confinement, to run concurrently, with credit for certain jail time served.
On appeal therefrom the defendant contends the evidence was insufficient to sustain the convictions. On consideration thereof in the light of the record and briefs, we conclude that the conviction relating to possession of the firearm by a convicted felon was amply supported by competent substantial evidence. However, we conclude there is merit to the contention of the appellant that the evidence presented was insufficient to sustain his conviction on the charge of buying, receiving or aiding in the concealment of stolen property, well knowing the same to have been stolen. The *184 appellant was a passenger in an automobile revealed to have been stolen the day before. The record is lacking in evidence showing knowledge on his part that the automobile was stolen, or such as to put him on notice of the character of the car as stolen property. See Hart v. State, 92 Fla. 809, 110 So. 253, 255-256; Thomas v. State, Fla.App.1968, 216 So.2d 25.
Accordingly, the judgment of conviction and sentence relating to the charge of possession of a firearm by one previously convicted of a felony are affirmed, and the judgment of conviction and sentence of the appellant on the charge of buying, receiving or aiding in the concealment of stolen property are reversed.
Affirmed in part and reversed in part.