### CITY OF ROCKLEDGE v. LESTER, et al.
No. 73-1-AP.

Circuit Court, Eighteenth Judicial Circuit, Criminal Appeal.

January 4, 1974.

Daniel S. Ciener, Merritt Island, for the appellants.

Charles Holcomb, Cocoa, for the appellee.

Before JOE A. COWART, Jr., CLARENCE T. JOHNSON, Jr., and ROBERT B. McGREGOR, Circuit Judges, constituting appointed appellate panel.

PER CURIAM.

The stipulated statement of the facts in this case indicates that when an officer of the city of Rockledge found that the juvenile driver of a vehicle was violating a city curfew, the two appellants were arrested and charged with contributing to the delinquency of a minor under §828.19, F. S., *"merely because they were in the car"* and that "the defendants did no act to aid or assist the driver of the car, nor did they do anything improper other than being passengers".

Circumstantial evidence requires that the circumstances must be consistent with guilt and inconsistent with innocence, and that if the circumstances are susceptible of two reasonable constructions, one indicating guilt and the other innocence, the evidence is insufficient to overcome the presumption of innocence. See *Florida Standard Jury Instructions in Criminal Cases*, 2.13. It is a corollary of this rule of law that mere presence is insufficient as a circumstance upon which to base a finding of guilt.

In addition to Lemus v. State, 1963, 158 So.2d 143, cited in the appellants' brief, the following cases support this rule — Douglass v. State, Fla. App. 1968, 214 So.2d 653; Baker v. U. S. (8th Cir.) 395 F.2d 368; 4 Cr. Law Bulletin 416; Williams v. State, Fla. App. 1968, 206 So.2d 466; Anderson v. State, Fla. App. 1970, 241 So.2d 183; and Walker v. State, Fla. App. 1971, 248 So.2d 491.

While in determining probable cause or a reasonable ground for belief that a crime has been committed and that the accused committed it, an officer can consider the facts and circumstances as a whole in view of his experience, nevertheless, he must have in mind the law, not only as to the elements of the crime in question but also the basic constitutional principles of which all citizens are deemed to be aware. The foremost of these is that the citizen and his acts are presumed to be innocent and remain so until the officer learns

sufficient facts and circumstances which directly show, or reasonably infer, the existence of all ultimate facts essential to the particular crime and the identity of the accused as the perpetrator. No element can be presumed or assumed on mere suspicion. Although the *quality or weight* of a particular act or fact may be enhanced, colored or given meaning, by the officer's training to recognize the significance of certain conduct or circumstances, nevertheless, there must be some evidence on each ingredient. The officer may observe the ultimate fact itself (a person driving a car, a person holding a gun, a person speaking threatening or encouraging words, etc.), but sometimes they are merely inferred from circumstances. Caution must be here used because then the officer is in the same situation the prosecutor will be in at trial — that is, the presumption of innocence requires that if the circumstances are consistent with two possibilities or hypotheses, one of guilt and the other of innocence, the proof is insufficient as a matter of law! The circumstances must not only infer guilt but must be inconsistent with any reasonable suggestion or possibility of innocence.

The crime involved here is contributing to the delinquency of a minor. Briefly speaking, there must be a minor (which the officer properly ascertained there was) and the minor must have been delinquent (here the minor was out after curfew, which was sufficient to show he was delinquent), and, lastly, it must be shown that the accused did by some "act encourage, cause or contribute to the delinquency, of such child", specifically here that the two appellants encouraged, caused or contributed to the minor driver breaking curfew. This is the crux of this case — what evidence did the officer have of this? He had only the circumstance that the appellants were passengers in the car with the minor driver. Is this circumstance *alone* sufficient as the basis upon which to infer that they were thereby contributing to the delinquency? Must such a passenger in a car *always* be contributing to the driver's presence or is it reasonably possible for a person to be present without contributing to the driver's presence? A small amount of reasonable reflection leads to the only rational conclusion. Remember we have nothing but presence as passengers upon which to base deductions. Here there is no evidence that the appellants owned or controlled the vehicle or gave the minor permission to drive; no evidence that the minor was there or driving at the appellants' behest.

Among all the possible and speculative relationships and circumstances could easily be many which would reflect that the appellants were contributing to the minor's delinquency, but likewise there could be many showing they were not contributing. The officer's mere suspicion that appellants were somehow aiding, abetting or

otherwise encouraging or causing the minor's delinquency was insufficient. They are entitled to the assumption of innocence in the absence of some evidence to the contrary. Perhaps the appellants were and had been strongly but unsuccessfully urging the minor to go home. Perhaps they were walking or hitchhiking and had just been picked up by the minor. The minor's delinquency, consisting as it did of merely being out and about at too late an hour, could easily exist without help from anyone. It is not every juvenile delinquency that is encouraged or caused or contributed to by others.

That decisions of trial courts on factual questions should be presumed correct by appellate courts, while good law, is not applicable here because the facts are stipulated and it is a matter of law whether or not they are sufficient to support a finding of fact under the law relating to circumstantial evidence cases. Case law relating to special rules applicable to searches and seizures and vehicles is not applicable because here the offense of the minor was a curfew violation and that of which the appellants were accused was contributing and either could exist independent of the vehicle and the vehicle did not, in any real or legal sense, aid in the commission of any crime to the extent that it was an instrumentality of crime. In any event, the question is not one of search of the vehicle, but of the persons of the passengers. Many of the cases first cited above include passengers in vehicles where it was held their mere presence alone was insufficient as an indication of guilt of crime.

We find no fault with the officer's stopping the minor driver or with the officer's conclusion that the minor was in violation of the city curfew ordinance or with the officer's search of the minor incidental to his arrest or detention of the minor. Those matters are not questioned here. For the purposes of this opinion, we go further and assume the appellants knew or should have known of the city curfew ordinance and that the minor was under the legal age of curfew. We do not agree that authorization to stop and arrest a driver for curfew violation justifies a search of the passengers. We further hold that mere presence as a passenger in a vehicle being operated by a minor in violation of a city curfew ordinance does not alone constitute such contribution to the minor's delinquency as to justify arrest of the passengers on that charge and that such arrest in this case was illegal and that the search incidental to such arrest was unauthorized and unreasonable and all evidence seized as a result of such search is inadmissible in evidence in a criminal prosecution of such passengers as possessors of contraband and their conviction based on such evidence is hereby reversed and set aside.