343 So.2d 1345 (1977)
James Matthew DIXON, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 76-1103.
District Court of Appeal of Florida, Second District.
March 30, 1977.
*1346 Jack O. Johnson, Public Defender, Robert H. Grizzard, II, Asst. Public Defender, and David B. Slaughter, Legal Intern, Bartow, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Chief Judge.
Appellant/defendant appeals the judgment and sentence on a charge of possession of a controlled substance in violation of Section 893.13(1)(e), Florida Statutes.
On November 1, 1975, at approximately 12:45 A.M., a motorist stopped Officer John Henderson of the Lakeland Police Department and advised him that an occupant of an automobile had just moments before shined a spotlight into her face and had nearly run her off the road. She described the vehicle as a black Buick and gave the officer the tag number. Officer Henderson proceeded in the direction indicated by the woman and followed a vehicle until it stopped and parked in a vacant lot. The officer did not turn on his blue lights or siren to indicate that the driver of the automobile should stop. He pulled his patrol car behind the vehicle and at that time verified that the tag number and the description of the automobile were identical to those given by the woman. He also saw a spotlight mounted on the outside of the automobile. The officer observed a great deal of smoke coming from the vehicle and as he approached it detected a strong odor of burning marijuana. Officer Henderson testified that he had smelled the odor of marijuana approximately 100 times prior to this incident, and it was the smell which led him to believe that the occupants of the vehicle were in possession of marijuana and to search appellant. The officer asked the three occupants, including the driver, appellant, to step from the automobile. When backup assistance arrived, Officer Henderson asked Officer Frank Owens to search the suspects while he searched the automobile. Officer Owens testified that he was not searching for weapons but for marijuana. Both officers testified that no arrest was made prior to the search. Although neither officer found any marijuana on the occupants' person or in the automobile, Officer Owens found a packet of phencyclidine in a pouch hanging from appellant's belt. Officer Henderson advised appellant that he was under arrest. Appellant's motion to suppress the evidence was denied.
*1347 Appellant contends on appeal that the narcotics seized from his person were the fruit of an illegal, warrantless search.[1]
The general rule is that evidence obtained as a result of a warrantless search is inadmissible. It is well settled in Florida and in other jurisdictions, however, that a warrantless search incident to an arrest is an exception to that rule. It is equally well settled that a warrantless search incident to arrest is invalid unless the arrest is justified by facts constituting probable cause to arrest which are within the arresting officer's knowledge prior to the search. See Melton v. State, 75 So.2d 291 (Fla. 1954);[2] 68 Am.Jur.2d Searches and Seizures §§ 35, 37 (1973). The validity of a warrantless search conducted subsequent to the establishment of probable cause to arrest but prior to arrest has not yet been determined in Florida.
The constitutional protections and safeguards against unreasonable search and seizure are not diminished by permitting a limited, prearrest search of a person and his immediate surroundings if the search is incident to probable cause to arrest. See, e.g., People v. Simon, 45 Cal.2d 645, 290 P.2d 531, 533 (1955). As Justice Traynor explained in Simon, the de minimis practical difference between a search incident to arrest and a search incident to probable cause to arrest actually works to the advantage of the suspect.
[I]f the officer is entitled to make an arrest on the basis of information available to him before he searches, and as an incident to that arrest is entitled to make a reasonable search of the person arrested and the place where he is arrested, there is nothing unreasonable in his conduct if he makes the search before instead of after the arrest. In fact, if the person searched is innocent and the search convinces the officer that his reasonable belief to the contrary is erroneous, it is to the advantage of the person searched not to be arrested. On the other hand, if he is not innocent or the search does not establish his innocence, the security of his person, house, papers, or effects suffers no more from a search preceding his arrest than it would from the same search following it. In either case the important considerations are whether the officer had reasonable cause before the search to make an arrest and whether the search and any seizures incident thereto were or were not more extensive than would reasonably be justified as incident to an arrest....

Simon, supra, at 647, 290 P.2d 533.
Furthermore, suppression of evidence seized under these circumstances would place an unreasonable, illogical restraint on police officers in the efficient, diligent performance of their duty and on the administration of justice, which is not mandated by the fourth amendment. We submit, therefore, if a warrantless search is otherwise valid the fact that the accused was not arrested does not render the evidence found inadmissible where probable cause to arrest existed prior to the search.[3]
*1348 The questions before us then are whether probable cause to arrest appellant existed prior to the search and whether the evidence at issue was discovered within the permissible scope of a warrantless search incident to probable cause.
Authority to arrest without a warrant is specifically provided by statute where there is probable cause to believe the suspect is in possession of marijuana. Section 893.13(1)(g), Florida Statutes (1975). The test to determine probable cause to arrest is whether
the facts and circumstances within the officer's knowledge and of which he had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been committed... .
Benefield v. State, 160 So.2d 706, 708 (Fla. 1964).[4] The elements of the criminal offense of possession of marijuana are the suspect's knowledge of the presence of the contraband and his ability to maintain control over it or reduce it to his possession. E.g., Spataro v. State, 179 So.2d 873 (Fla.2d DCA 1965). The smell of marijuana and sight of smoke emanating from an automobile constitute probable cause to believe that both elements are satisfied as to all of the occupants of the vehicle and that each occupant had actual or constructive possession of marijuana. Porter v. State, 302 So.2d 481 (Fla.3d DCA 1974).[5]See also Mattson v. State, 328 So.2d 246 (Fla.1st DCA 1976). The existence of probable cause to believe that the driver of the automobile was in possession of the marijuana was particularly apparent. See Zicca v. State, 232 So.2d 414 (Fla.3d DCA 1970). Cf. Porter, supra; D.M.M. v. State, 275 So.2d 308 *1349 (Fla.2d DCA 1973); Arant v. State, 256 So.2d 515 (Fla.1st DCA 1972).
A search incident to arrest or to establishment of probable cause to arrest may be made of the defendant and the area immediately surrounding him. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); Casso v. State, 182 So.2d 252 (Fla.2d DCA 1966). In the case before us the incriminating evidence was found in a pouch on appellant's belt which was within the area of a permissible search.
AFFIRMED.
McNULTY and GRIMES, JJ., concur.
NOTES
[1] Appellant does not raise the issue and we need not consider whether Officer Henderson had reasonable cause to stop the vehicle since appellant voluntarily pulled his automobile to the side of the road.
[2] There are numerous cases in Florida which have held that the results of a warrantless search incident to an arrest are not to be considered to establish the validity of the arrest. E.g., D'Agostino v. State, 310 So.2d 12 (Fla. 1975); Collins v. State, 65 So.2d 61 (Fla. 1953); Kraemer v. State, 60 So.2d 615 (Fla. 1952); Richardson v. State, 291 So.2d 253 (Fla.1st DCA 1974); Russell v. State, 266 So.2d 92 (Fla.3d DCA 1972); Carter v. State, 199 So.2d 324 (Fla.2d DCA 1967).
[3] The majority of the courts which have ruled on this issue have based their decisions to varying degrees on the absence of a fourth-amendment problem with the order of the search and the arrest. See United States v. Jenkins, 496 F.2d 57 (2d Cir.1974) (to require an arrest prior to a warrantless search where probable cause to arrest existed at the time of the search would "exalt form over substance"); United States v. Riggs, 474 F.2d 699 (2d Cir.1973) ("postponement of the further intrusion of arrest" does not prejudice the accused); United States v. Gorman, 355 F.2d 151 (2d Cir.1965) (a prearrest search was said to be "incident" to the arrest); Holt v. Simpson, 340 F.2d 853 (7th Cir.1965) (the search and arrest were considered one transaction); Busby v. United States, 296 F.2d 328 (9th Cir.1961) (once probable cause to arrest is established need not consider that a warrantless search preceded the arrest); State v. LeBlanc, 347 A.2d 590 (Me. 1975) (the search was "substantially contemporaneous" with the arrest). The rationale in Bailey v. United States, 128 U.S.App.D.C. 354, 389 F.2d 305 (1967) was somewhat different. In Bailey the court held that a formal arrest was not required where the accused is physically detained. Berry v. State, 316 So.2d 72 (Fla.1st DCA 1975) adopts this rationale by implication. There is a line of cases which suggests that facts, such as these, which demonstrate probable cause for a warrantless arrest necessarily demonstrate probable cause for a warrantless search. See Bailey, supra, at 159 & n. 11 (dissenting opinion). See also State v. Compton, 13 Wash. App. 863, 538 P.2d 861 (Ct.App. 1975) (statutory authority to make a warrantless arrest is equivalent to authority to make a warrantless search prior to the arrest).
[4] The standard of probable cause to arrest is not as strict as the standard which must be met to convict. Lemus v. State, 158 So.2d 143 (Fla.3d DCA 1963). "The legality of an arrest does not depend on the conviction or acquittal of the accused... ." Canney v. State, 298 So.2d 495, 496 (Fla.2d DCA 1973). See Brown v. State, 91 So.2d 175 (Fla. 1956).
[5] Other jurisdictions have affirmatively ruled that the odor of burning marijuana emanating from an automobile provides sufficient probable cause to arrest and/or to search the occupants as evidence of a crime committed in the presence of an officer or as reasonable grounds to believe that the occupants had recently committed a felony. State v. Compton, 13 Wash. App. 863, 538 P.2d 861 (Ct.App. 1975); United States v. Burton, 327 A.2d 308 (D.C.Ct.App. 1974); State v. Downes, 19 Or. App. 401, 528 P.2d 110 (1974); In re S.E.B., 514 S.W.2d 948 (Tex.Civ.App. 1974); People v. Wolf, 15 Ill. App.3d 374, 304 N.E.2d 512 (Ct.App. 1973). Although a warrantless arrest of all the occupants of a dwelling for possession of contraband may be invalid even where the police are certain that contraband is present in the house, an automobile is not accorded the status of a dwelling. Compare Britton v. State, 336 So.2d 663 (Fla.1st DCA 1976) with Berry v. State, 316 So.2d 72 (Fla.1st DCA 1975). If probable cause to believe that a particular occupant is committing a crime cannot be established prior to infringement on an area where the occupants have a reasonable expectation of privacy, such as a dwelling, a warrantless entry and subsequent arrest cannot be justified by facts made known after the intrusion. Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 468 (1948). The fact that a search warrant would be issued on the same facts prompting the officer's unconstitutional intrusion, standing alone, does not obviate the procurement of a warrant. Johnson, supra; Falcon v. State, 226 So.2d 399 (Fla. 1969).