353 So.2d 638 (1977)
The STATE of Florida, Appellant,
v.
Larry FORBES, Appellee.
No. 76-1716.
District Court of Appeal of Florida, Third District.
December 27, 1977.
Richard E. Gerstein, State Atty. and George Volsky, Asst. State Atty., for appellant.
Bennett H. Brummer, Public Defender and Warren S. Schwartz, Asst. Public Defender, for appellee.
Before HENDRY, C.J., and PEARSON and HAVERFIELD, JJ.
PER CURIAM.
The State appeals an order granting defendant's motion to suppress evidence the State maintains was seized from the person of the defendant incident to his arrest for possession of narcotics. A police officer observed what appeared to be a sale of narcotics. He then apprehended defendant and searched his person, discovering contraband. He then arrested defendant for possession of narcotics. We reverse on authority of Dixon v. State, 343 So.2d 1345 (Fla. 2d DCA 1977), holding that the search was incident to the arrest even though the arrest occurred after the search. In the well-reasoned opinion of Chief Judge Boardman, the District Court of Appeal, Second District, held that a search of a defendant is not unlawful where it is pursuant to the establishment of probable cause to the arrest. We need not repeat the reasoning set forth in Dixon, nor need we cite the persuasive authorities therein. We think, however, that it is only fair to note that the opinion in Dixon had not been published at the time of the ruling of the trial court in the present case.
It is clear that the police officer in the present case had probable cause to believe that the defendant was in possession of narcotics and was actually selling them on *639 the street corner. With such knowledge, the police officer was authorized to arrest and search the defendant as an incident to that arrest. Therefore, the order appealed is reversed and the cause remanded for further proceedings in conformance with this opinion.
Reversed and remanded.