394 So.2d 1142 (1981)
STATE of Florida, Appellant,
v.
William BYHAM, Appellee.
No. 80-610.
District Court of Appeal of Florida, Fourth District.
March 11, 1981.
David H. Bludworth, State Atty., and Moses Baker, Jr., Asst. State Atty., West Palm Beach, for appellant.
Gary S. Israel and Richard W. Springer of Kohl, Springer, Springer & Garrison, Palm Springs, for appellee.
GLICKSTEIN, Judge.
The State appeals an order granting a motion to suppress. We reverse.
On December 4, 1979, John Thomas Irvine, a police officer with the Town of Palm Beach, was operating his motorcycle when he observed three youths standing on the sidewalk in a huddle-type position. As he approached and passed the youths, one of whom was appellee, he could see them passing around some type of cigarette. At the hearing on the motion to suppress evidence the officer testified:
The way they were passing it, the way they were holding it and the way they attempted to conceal it, as I passed, was the way that normally people would act when they're smoking or trying to conceal marijuana cigarettes.
Q And in your vice training, okay, and experience, have you seen people smoking marijuana?
A Yes, sir.
Q Okay. And do they usually pass it around amongst themselves?
A Yes, sir.
Q Okay. Do they hold it in any particular way?
A They cup it in a manner such as the  the end that you would inhale off of is this way and the fire is this way (indicating), up in the palm of your hand.
Q Okay. And is that basically what you saw the Defendants in this little  the Defendant, and these individuals, do?
A Yes.
He further testified that as he turned his motorcycle around he saw one of the youths throw the object they had been smoking onto the sidewalk and crush it. When the officer approached the youths he observed the spot where the object had been thrown and saw a green vegetation burn stain on the white sidewalk about a foot from where the three had been standing.
At that point the officer concluded the object tossed to the ground was marijuana. *1143 He based that conclusion on his prior experience as a narcotics officer involved in sixty-seven (67) arrests for possession and sale of marijuana, cocaine, hashish and PCP, and as an observer at least one hundred times of people smoking and passing around a marijuana cigarette.
Based on his conclusion, Officer Irvine searched appellee, who was barefoot and carrying tennis shoes. In one of the shoes the officer found a small metal can which contained marijuana and a cube of hashish. Whereupon he placed appellee under arrest.
The trial court found that the search of appellee was not incident to his arrest and suppressed the evidence found in the search. We disagree. The search was incident to a lawful arrest. Prior to any search Officer Irvine, based on his observations, training and experience, had probable cause to arrest appellee for possession of marijuana. Probable cause exists "where the facts and circumstances within the officer's knowledge and of which he had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been committed." Benefield v. State, 160 So.2d 706, 708 (Fla. 1964).
The fact that the search preceded the arrest does not impair our conclusion that the search was incident to a lawful arrest. Dixon v. State, 343 So.2d 1345 (Fla.2d DCA 1977); State v. Forbes, 353 So.2d 638 (Fla.3d DCA 1977).
Accordingly, we reverse the trial court's order and remand for further proceedings consistent herewith.
REVERSED AND REMANDED.
DOWNEY and BERANEK, JJ., concur.