PER CURIAM.
Appellant, a juvenile, was charged by petition with the possession of less than twenty grams of marijuana. His motion to suppress the contraband was denied, and he pled nolo contendere to the charge, specifically reserving the right to appeal the denial of his motion to suppress. The trial court adjudicated him to be a delinquent child. We reverse.
At the hearing on the motion to suppress, the arresting patrol officer testified that at 11:30 a. m. on the date of the arrest, he had observed the appellant, who was unknown to him, beside a mailbox in front of a convenience store with a brown paper bag in his hand. The officer recalled that immediately thereafter he saw the appellant drop the bag and run into the store. The officer then circled the block after which he again observed the appellant, who was now walking his bicycle, with a brown paper bag in his hand. At this point the officer stopped the juvenile because he suspected that the bag contained narcotics. The officer specifically testified that he did not believe that the bag contained anything other than narcotics and that there was nothing about the appellant that made him fear for his life. Once he had stopped the appellant, the officer did not ask appellant for his identity nor did he ask appellant his purpose for being in the area. Rather, he asked the appellant to place the bag on the hood of the police car and remove its contents. Appellant removed some items of clothing and said that was all there was in the bag. However, the officer persisted in his request that appellant empty the bag completely. At that point appellent complied and three baggies of marijuana, which appellant was later charged with possessing, fell out. In his further testimony the officer explained that approximately three or four days prior to this event an unknown individual dropped a brown paper bag at the same corner after which he ducked behind a building. On that occasion the officer retrieved the abandoned bag and found that it contained twenty-seven baggies of marijuana.
The trial court found that the appellant did not consent to the emptying of the contents of the bag. That finding is supported by the evidence and we, of course, do not disturb it. After making that finding, the court went on to rule that the stop of appellant was proper and “because the stop was legal the subsequent search was not unreasonable nor illegal.”
The appellant disputes that ruling by first contending that the officer was not justified in stopping him and that, therefore, the evidence seized after the illegal stop was tainted and should have been suppressed. Appellant correctly notes that under our “stop and frisk” law a law enforcement officer must have a founded suspicion that a person has committed, is committing, or is about to commit a crime before he may lawfully detain such person. § 901.-151, Fla.Stat. (1979); State v. Stevens, 354 *1386 So.2d 1244 (Fla. 4th DCA 1978). “A ‘founded suspicion’ is a suspicion which has some factual foundation in the circumstances observed by the officer, when those circumstances are interpreted in the light of the officer’s knowledge.” State v. Stevens at 1247. While the appellant’s actions alone may not have provided a founded suspicion, we believe that those facts coupled with the officer’s knowledge concerning the previous offense at the same location did give rise to a founded suspicion. We believe that the initial investigatory stop was proper and we disagree with appellant’s contentions to the contrary.
Appellant’s second contention is that, assuming the stop was justified, the compelled emptying of the bag was not. Appellant argues that, for this reason, the marijuana should have been suppressed. We agree with this contention.
A frisk or pat-down incident to an investigatory stop may be conducted — but only where a law enforcement officer has a reasonable belief that the person detained is armed with a dangerous weapon and therefore offers a threat to the officer or another person. § 901.151(5), Fla.Stat. (1979); State v. Webb, 398 So.2d 820 (Fla.1981). Furthermore, any such frisk of a detainee conducted after a stop is limited in scope and is only permissible to the extent necessary to disclose and for the purpose of disclosing the presence of a weapon. § 901.-151(5), Fla.Stat. (1979). We note that the permissible scope of a frisk may extend to a container, such as a woman’s handbag, under appropriate circumstances. Dawson v. State, 40 Md.App. 640, 395 A.2d 160 (1978).
The facts in the instant case failed to provide the officer with a reasonable belief that the appellant was armed. In fact, the officer candidly admitted that he did not believe appellant possessed a weapon or in any way posed a threat to his life. Under these circumstances, the officer could not legally conduct the frisk. The officer testified that he did not believe the bag contained anything other than narcotics. Clearly, the officer’s insistence on seeing the contents of the bag was not done for the purpose of discovering a weapon.
The state appears to suggest that the compelled emptying of the paper bag was permissible as a search incident to appellant’s arrest. A warrantless search incident to an arrest is lawful if the officer has probable cause to arrest before he conducts the search. Dixon v. State, 343 So.2d 1345 (Fla.2d DCA 1977). As we noted in Dixon, the test enunciated by our supreme court to determine probable cause to arrest is whether “the facts and circumstances within the officer’s knowledge and of which he had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been committed.” Dixon at 1348. While, as noted previously, we believe the officer had a founded suspicion to justify his investigative stop of the appellant, we do not believe that the facts in this case provided the officer with probable cause to arrest.
Based on what we have said, we find the contraband was illegally seized. Accordingly, the order adjudicating appellant to be a delinquent child is reversed. The case is remanded with directions that the trial court enter an order suppressing the evidence seized from appellant and for further proceedings consistent with this opinion.
REVERSED and REMANDED with directions.
DANAHY and CAMPBELL, JJ., concur.
OTT, Acting C. J., dissents with opinion.