PER CURIAM.
Defendant Emery was not subjected to a sham or pretextual arrest. Moreover, it is legally certain that the arresting officer had probable cause to arrest the defendant for a misdemeanor[1] committed in his presence before he removed certain items protruding from the defendant’s pocket. Consequently, it is irrelevant that the officer did not announce his intent to arrest until after he removed the items. Rawlings v. Kentucky, 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980); Thomas v. State, 395 So.2d 280 (Fla. 3d DCA 1981); State v. Forbes, 353 So.2d 638 (Fla. 3d DCA 1977); Dixon v. State, 343 So.2d 1345 (Fla. 2d DCA 1977).
Accordingly, we reverse the trial court’s order suppressing evidence and remand the cause for further proceedings consistent with this opinion.
DOWNEY, GLICKSTEIN and HURLEY, JJ., concur.

. § 877.03, Fla.Stat. (1979).