DANIEL S. PEARSON, Judge.
We reverse the manifestly erroneous order suppressing a weapon seized from the defendant Marthaller and remand the cause for trial on the information charging Mar-thaller with carrying a concealed weapon.
The order of suppression under review recites in pertinent part:
“1. At approximately 1:15 A.M., on November 17,1981, Officers J. Moore and E. MacDougall of the Metro-Dade Police Department responded to a call of a disturbance involving men with guns at the Saga Bay Lounge, 20305 Cutler Road, Dade County, Florida. Upon arrival at the scene, the officers saw the Defendant, Ralph Marthaller, standing outside the door of the lounge. After entering the lounge and obtaining information from several witnesses, Officer Moore learned that the Defendant had been involved in an altercation with another patron inside the lounge approximately 15 minutes earlier and had produced a pistol and threatened the other patron with it.
“2. Returning outside the bar, Officer Moore observed that Defendant Marthal-ler had a bulge under his shirt in the waistline which resembled the shape and size of a pistol. Upon patting down the Defendant for her own safety, Officer Moore found a loaded .25 caliber sturm revolver in the Defendant’s waistband under his shirt. Officer Moore seized the revolver and placed the Defendant under arrest on the charge of carrying a concealed firearm. The pistol was subsequently tested by Officer Moore and found to be in operable condition.”
“Wherefore, on the basis of the foregoing facts, the Court finds that the firearm in question was unlawfully seized from the Defendant, Ralph Marthaller, following an illegal search, since the Defendant was physically searched by the arresting officer without being placed under arrest prior to the search for an offense against the laws of the State of Florida.”
The intricacies of the law of search and seizure have confounded courts and plagued professors for years and likely will continue to do so for years to come. Thus, it is unusual to find a case, such as the one before us, the result of which is not even fairly debatable and will come as no surprise to the most intransigent criminal defense attorneys and the most critical of law review commentators. The trial court’s order is reversed on the authority of McNamara v. State, 357 So.2d 410 (Fla.1978), which, apart from the caliber of the pistol found in the defendant’s pocket and the name of the defendant, is indistinguishable from the present case; Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), which first sanctioned, on even less probability that the defendant was armed, a search such as that made here; and State v. Abislaiman, 437 So.2d 181 (Fla. 3d DCA 1983); Acosta v. State, 431 So.2d 715 (Fla. 3d DCA 1983); Thomas v. State, 395 So.2d 280 (Fla. 3d DCA 1981); State v. Byham, 394 So.2d 1142 (Fla. 4th DCA 1981); State v. Forbes, 353 So.2d 638 (Fla. 3d DCA 1977); and Dixon v. State, 343 So.2d 1345 (Fla. 2d DCA 1977), all of which make clear *415 that it is wholly irrelevant that the frisk and discovery of the weapon preceded the defendant’s arrest.
Ordinarily, this would be the end of the matter. However, we have before us in Case No. 83-1370 the State’s petition for writ of certiorari seeking review of the trial court’s order refusing the State’s motion to reconstruct the record. The State’s motion was necessitated by the fact that the court reporter’s notes of the motion to suppress hearing were lost.
Officer Moore was the sole witness at the suppression hearing. Although there was absolutely no dispute about the testimony she gave at the suppression hearing and such testimony was identical to testimony she had previously given in a discovery deposition which was transcribed and available, the trial judge, giving no reason therefor, refused to allow the State to reconstruct the record. While we find the trial court’s action, or inaction, to be unjustified and arbitrary, we also find that we have no need for a record of the suppression hearing to decide the State’s appeal. The trial court’s suppression order recites all the facts necessary for us to determine that its conclusion is erroneous. Therefore, the State’s petition for writ of certiorari, more properly a motion to review, is dismissed as moot in light of our disposition of the State’s appeal.
Accordingly, the order of suppression under review in Case No. 82-1236 is reversed and remanded; the petition for writ of certiorari in Case No. 83-1370 is dismissed as moot.