## STATE OF FLORIDA v. POWELL
### Case No. 84-688
Seventeenth Judicial Circuit, Broward County

May 21, 1984

### APPEARANCES OF COUNSEL

**Kate Kearney,** Office of State Attorney, for plaintiff.
**William Laswell** for defendant.

### OPINION OF THE COURT

J. LEONARD FLEET, Circuit Judge.

### FACTS

DEFENDANT, Jeanne Darlene Powell, was arrested on January 21, 1984, while sitting behind the steering wheel of her automobile with the motor running. In the passenger seat of the Defendant's vehicle was a male companion who was observed by the arresting officer to be in the act of cutting what he believed to be cocaine. The passenger was observed to have in his possession a straw, a razor blade and a clear vial which contained a white powder. Based upon his experience and training, the arresting officer recognized the powder in the vial to be

69

cocaine (said conclusion was borne out by subsequent testing of the contents of the vial).

At the same time that he made the observations above described, the arresting officer observed the defendant to be holding in her hand a wallet. When requested to do so, Defendant Powell delivered into the possession of the arresting officer her wallet which, when searched by the arresting officer, revealed a small quantity of cocaine. It is the cocaine recovered from Defendant Powell's purse that is sought to be suppressed by the instant Motion.

## ANALYSIS OF LAW

The issue of standing of Defendant Powell to challenge the legal sufficiency of the search of her wallet is conceded by the State and will not be further reviewed by the Court.

The issue that must be resolved at the outset of this matter is whether the arresting officer was legally justified when he demanded that Ms. Powell hand over her wallet to him even though she had not been arrested. If the officer exceeded his authority on this point, the Motion to Suppress must be granted as to the contents of Ms. Powell's wallet. If the officer was within the ambit of his authority when he obtained possession of Ms. Powell's wallet, the Motion to Suppress must be denied.

The United States Supreme Court, in *United States v. Ross,* 456 U.S. 798 (1982), ruled that a law enforcement officer possessed of reasonable cause to believe that contraband is concealed within a vehicle that has been lawfully stopped may conduct a warrantless search of the entire vehicle just as though a search warrant had been previously issued. The authority to search in such cases extends to every part of the vehicle, including all containers and packages that may conceal the object for which the search is being conducted. Given the experience and training of the law enforcement officer involved in the case now before the court, and taking into consideration the experience of the Court in matters of a like kind previously before it, the desire of the arresting officer to search the wallet of the defendant was not only justified, it was sound police procedure.

Approaching the search of the defendant's wallet from another perspective, it appears that, under the peculiar facts of this case, the search was justified as one immediately preceding an arrest of the Defendant Powell for the possession of the cocaine sought to have been concealed by the passenger in the automobile.

The undisputed facts as stipulated to by the State and Defendant

70

Powell, are as set forth at the outset of this Order. The arresting officer saw the passenger engaging in an activity consistent with the consumption of cocaine by a process known as "snorting" whereby the user inhales the cocaine mixture into the nose through a straw. By experience and training, the contents of the clear vial appeared to the officer to be cocaine. Since the paraphernalia and cocaine mixture were being displayed inside the automobile of Ms. Powell, in her presence, and in an open and notorious manner, it is the opinion of the Court that Ms. Powell could have been arrested for the constructive possession of the cocaine, (which the Court has determined to be a fact), it does not matter that the search of the defendant's wallet preceded the arrest. A search incident to an arrest may precede the formal arrest provided that (1) there exists sufficient probable cause to arrest without the fruits of the complained of search and (2) the arrest did, in fact, follow swiftly upon the heels of the challenged search. *Rawlings v. Kentucky*, 448 U.S. 98 (1980). The fact that the officer did not announce his intention to arrest Ms. Powell until after he had searched her wallet is immaterial. *State v. Emery*, 411 So.2d 341 (Fla. App. 4, 1982). The Court finds that the arrest of Ms. Powell did, indeed, follow right upon the heels of the challenged search.

## CONCLUSION

Defendant's Motion to Suppress is hereby DENIED.