499 So.2d 75 (1986)
STATE of Florida, Appellant,
v.
Julius PRINGLE, Appellee.
No. 86-1386.
District Court of Appeal of Florida, Second District.
December 30, 1986.
Jim Smith, Atty. Gen., Tallahassee, and Lauren Hafner Sewell, Asst. Atty. Gen., Tampa, for appellant.
David L. Denkin, Sp. Appointed Public Defender, Sarasota, for appellee.
FRANK, Judge.
Julius Pringle was charged with possession of cocaine, pleaded not guilty and, prior to trial, moved to suppress all evidence obtained pursuant to an allegedly illegal "pat-down" search. The state has appealed from the trial court's order suppressing the evidence. We reverse.
A Sarasota Police Department patrolman received a tip from a reliable informant that a black man named Sam Schueler could be found at or near an automobile *76 with tag number 418-DAJ, which was parked at the town hall. The informant relayed that Schueler would have a three-inch glass vial containing cocaine rocks. This information was relayed to Officer Etheridge who responded to the scene described by the informant. There he and several other officers found a car bearing Florida tag 418-DAZ. Two black males were in the car. The driver, holding a wad of money, identified himself as Julius Pringle and stated that he did not know the identity of the passenger who had just entered the car.
The passenger exited from the car. As he talked to Officer Waugh, who had accompanied Officer Etheridge, Officer Waugh noticed a bag of cocaine on the seat of the car, close to the passenger's side. Officer Waugh then arrested the passenger.
Officer Etheridge testified at the suppression hearing that he thought he had observed a narcotics deal and that he believed, based upon past experience, it was probable that Pringle was armed. He conducted a pat-down search of the defendant, felt what appeared to be a three-inch vial, and pulled it from Pringle's pocket. A presumptive field test supported the suspicion that the vial contained cocaine.
Etheridge stated that he patted the suspect down for weapons, but at the moment when he extracted the vial from Pringle's pocket he was not under the impression that it was a gun or a knife.
The trial court suppressed the evidence obtained from Pringle's pocket on the basis that the officer had conducted an illegal search; by removing the vial from Pringle's pocket, Etheridge had gone beyond the scope of a permissible pat-down under the principles outlined in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Terry permits a stop of an individual based upon a police officer's reasonable suspicion that criminal activity is occurring; incident to that stop the officer may conduct a limited pat-down for the purpose of discovering weapons. In ruling that the evidence should be suppressed, the trial court nonetheless noted that Etheridge had probable cause to believe that he had discovered Pringle in the middle of a narcotics transaction. As the trial court viewed the sequence of events, however, Etheridge's conduct went beyond the limits of a permissible search and seizure because the officer searched Pringle before he arrested him.
Etheridge had probable cause to arrest Pringle when he observed both the wad of money in Pringle's hand and the cocaine on the passenger's side of the car. Given the existence of probable cause to arrest before the actual search, Etheridge's conduct fell within an acceptable constitutional boundary. A valid search of a person may occur incident to a valid arrest, even when the search precedes the arrest. "Where the formal arrest followed quickly on the heels of the challenged search of petitioner's person, we do not believe it particularly important that the search preceded the arrest rather than vice versa." Rawlings v. Kentucky, 448 U.S. 98, 112, 100 S.Ct. 2556, 2565, 65 L.Ed.2d 633 (1980). In Dixon v. State, 343 So.2d 1345 (Fla. 2d DCA 1977), this court recognized the Rawlings principle in a factual setting quite similar to the one before us. We upheld the trial court's refusal to suppress evidence seized from the defendant, because at the time of the search there existed ample cause to arrest him for possession of marijuana. See also State v. Byham, 394 So.2d 1142 (Fla. 4th DCA 1981); State v. Forbes, 353 So.2d 638 (Fla. 3d DCA 1977).
Based upon the foregoing, we reverse the suppression order and remand this case for further proceedings.
RYDER, A.C.J., and CAMPBELL, J., concur.