522 So.2d 528 (1988)
STATE of Florida, Appellant,
v.
Teresa Carr BOULIA, Appellee.
No. 87-2126.
District Court of Appeal of Florida, Second District.
March 25, 1988.
Robert A. Butterworth, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellant.
Kenneth J. Cotter, of Cotter, Uhrig & Valerino, P.A., Orlando, for appellee.
PARKER, Judge.
The state appeals from the trial court's order granting Boulia's motion to suppress evidence found during a search of her purse. The search occurred after the arresting *529 officer announced his intention to issue Boulia a citation for possession of marijuana. We reverse.
On November 13, 1986, Sergeant Brown was assigned to investigate drug-related activities at the Lakeland Civic Center. Brown observed a young man in the Center's parking lot attempting to light an "odd looking pipe." When Brown approached, he noted that the pipe had been transferred to Boulia, who was sitting in an automobile with a cigarette lighter in one hand and the pipe in the other. Based on Brown's extensive experience and training in narcotics-type offenses, he recognized the pipe as one exclusively used for smoking marijuana or cocaine.
Brown identified himself to the young man and requested the pipe from Boulia. Boulia handed the pipe to Brown, who upon examining the pipe, determined that it contained marijuana. Brown stated his intention to cite Boulia and her companion for possession of marijuana, and requested identification from Boulia which she produced. Brown then informed Boulia that she could retain her purse, but that he needed to view its contents for his safety. At the suppression hearing, Brown acknowledged that he had no reason to believe Boulia was armed and dangerous, and that he did not pat the outside of the purse to feel for a weapon. Found in Boulia's purse was a small vial of cocaine. Boulia was arrested for possession of cocaine, possession of drug paraphernalia and possession of cannabis. This appeal is directed to the trial court's suppression of the cocaine seized from Boulia's purse.
The trial court was correct in finding that once Brown identified the pipe as one commonly used in connection with controlled substances, he was justified in detaining Boulia temporarily. The pipe's "odd" shape, when considered in the light of Brown's training and experience, established a founded suspicion of criminal activity sufficient to permit the limited detention which occurred here. State v. Kibbee, 513 So.2d 256 (Fla. 2d DCA 1987).
However, the trial court erred in suppressing the cocaine seized from Boulia's purse. The trial court offered as its reason for suppression that the cocaine was the product of an impermissible weapons search under section 901.151, Florida Statutes (1985),[1] since Brown had no reason to believe that Boulia was armed and dangerous. Concededly, the search of the purse does not qualify as a permissible search for weapons; nonetheless, it can be upheld as a valid search incident to a lawful arrest. Once Brown recognized the marijuana in the pipe, he had probable cause to arrest Boulia, see § 901.15(1), Fla. Stat. (1985); Spicy v. City of Miami, 280 So.2d 419 (Fla. 1973); State v. Yunker, 402 So.2d 591 (Fla. 5th DCA 1981), and he could conduct a search of Boulia's person including her purse as an incident to that arrest even prior to the arrest being effected. Dixon v. State, 343 So.2d 1345 (Fla. 2d DCA 1977) (search incident to a lawful arrest can precede the arrest so long as the officer has knowledge of sufficient facts to constitute probable cause to arrest a defendant *530 prior to the search). See also State v. Pringle, 499 So.2d 75, 76 (Fla. 2d DCA 1986) ("[w]here the formal arrest followed quickly on the heels of the challenged search of petitioner's person, we do not believe it particularly important that the search preceded the arrest rather than vice versa.") (quoting Rawlings v. Kentucky, 448 U.S. 98, 109, 100 S.Ct. 2556, 2564, 65 L.Ed.2d 633 (1980)).
In so ruling, we do not reach the question generated by the state's argument on appeal concerning the permissible scope of a search incident to arrest when a notice to appear in lieu of a physical arrest is utilized by the arresting officer.[2]See United States v. Robinson, 414 U.S. 218, 237 n. 6, 94 S.Ct. 467, 477 n. 6, 38 L.Ed.2d 427 (1973) (the Supreme Court expressly declined to rule on the above question stating "[s]ince in this case the officer did make a full-custody arrest of the violator, we do not reach the question discussed by the Court of Appeals"). In Robinson, the search was performed incident to a full custodial arrest for a traffic violation. According to the Robinson court, the lawful arrest established the authority to search, and it was not relevant to a determination of the search's validity that the officer did not suspect the person arrested was armed or dangerous. Id.
Here, Brown had probable cause to arrest Boulia for possession of marijuana before he searched her purse, which arrest he in fact made shortly after the challenged search. Therefore, the fact that Brown announced his intention to issue Boulia a notice to appear[3] for the marijuana possession charge rather then effecting a full-custody arrest is of no consequence here, since there is no question that Brown was justified in searching Boulia's person and purse prior and as an incident to the arrest for possession of cannabis. Rawlings; Dixon.
Based on the foregoing reasoning, we reverse the suppression order and remand the case for the trial court to conduct further proceedings consistent with this opinion.
LEHAN, A.C.J., and THREADGILL, J., concur.
NOTES
[1] 901.151 Stop and Frisk Law. 

(1) This section may be known and cited as the "Florida Stop and Frisk Law."
(2) Whenever any law enforcement officer of this state encounters any person under circumstances which reasonably indicate that such person has committed, is committing, or is about to commit a violation of the criminal laws of this state or the criminal ordinances of any municipality or county, he may temporarily detain such person for the purpose of ascertaining the identity of the person temporarily detained and the circumstances surrounding his presence abroad which led the officer to believe that he had committed, was committing, or was about to commit a criminal offense.
....
(5) Whenever any law enforcement officer authorized to detain temporarily any person under the provisions of subsection (2) has probable cause to believe that any person whom he has temporarily detained, or is about to detain temporarily, is armed with a dangerous weapon and therefore offers a threat to the safety of the officer or any other person, he may search such person so temporarily detained only to the extent necessary to disclose, and for the purpose of disclosing, the presence of such weapon. If such a search discloses such a weapon or any evidence of a criminal offense it may be seized.
[2] While we refrain from ruling on this issue, we note in passing that American Bar Association Standard 10-2.4 adopts the view that "[w]hen an officer makes a lawful arrest, the defendant's subsequent release on citation should not affect the lawfulness of any search incident to the arrest." ABA Standards for Criminal Justice § 10-2.4 (2d ed. 1980).
[3] Pursuant to rule 3.125(a), Florida Rules of Criminal Procedure, Brown had the authority to either arrest Boulia or issue a notice to appear in lieu of a physical arrest for the misdemeanor offense of possession of cannabis.