NESBITT, Judge
(specially concurring):
I fully concur with Judge Cope’s opinion and write separately only to articulate another basis upon which the order granting the motion to suppress should be reversed.
In Gustafson v. Florida, 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973), the United States Supreme Court upheld a search where the defendant was stopped by police officers who saw his vehicle cross the cén- *708 ter line three or four times. After the stop, a police officer asked the defendant to produce his driver’s license. Upon learning that the defendant did not have a license in his possession, the officer made a custodial arrest and then proceeded to make a frisk which disclosed a chain attached to a cigarette box containing marijuana cigarettes.
On the same day that Gustafson was decided, the Supreme Court decided United States v. Robinson, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973). In that case, upon discovering that the defendant’s driver’s license had been revoked, the officer made a custodial arrest of the defendant and proceeded to search him even though the officer testified he did not fear or suspect that the defendant was armed. During the pat-down, a crumpled cigarette pack was detected which contained heroin capsules. In Robinson, as in Gustafson, the Supreme Court determined that a search incident to an arrest does not require additional justification: It is the fact of the lawful arrest which establishes the authority to search.
Later, Rawlings v. Kentucky, 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980), established that a search which precedes a formal arrest for operating a motor vehicle with an expired license does not affect the validity of a search. Accord State v. James, 526 So.2d 188 (Fla. 3d DCA 1988); State v. Valdes, 423 So.2d 944 (Fla. 3d DCA 1982).
In Thomas v. State, 395 So.2d 280, 281 (Fla. 3d DCA 1981), this court held:
Where, by objective standards, probable cause to arrest for a certain offense exists, the validity of an arrest does not turn on the fact that an arrest was effected on another charge.
In this case, the officer had probable cause to make a custodial arrest for driving with a license which had been expired for four months or more. (§§ 318.14(1), 322.-03(5)(b), Fla.Stat. (1987)).
The sum and substance of the above cases make it clear that the fact that the officer had no intention of arresting the defendant for operating a vehicle with an expired license is irrelevant. It is the existence of probable cause in an objective sense that clothed the officer with the authority to make the search of the defendant’s vehicle which led to the disclosure of the contraband. See State v. Smith, 529 So.2d 1226, 1230 (Fla. 3d DCA 1988); see also State v. Boulia, 522 So.2d 528 (Fla. 2d DCA 1988) (where officer intended only to issue a notice to appear for marijuana possession charge, probable cause to lawfully arrest defendant for the offense established the authority to search).