PER CURIAM.
The state appeals the trial court’s order which granted Carlton McCray’s motion to suppress cocaine found in McCray’s hat. We reverse because the search was incident to an arrest.
Although McCray’s motion sought to suppress “all evidence, statements, contraband, pills, and drugs,” the evidentiary hearing on his motion and the single issue argued by both McCray and the state in this appeal dealt only with the cocaine seized in McCray’s hat. We, therefore, shall address only the issue of the seizure of cocaine in this appeal.
The evidence adduced at the hearing on the motion to suppress revealed the following facts. On September 18, 1991, Officer Col-ton, a police officer for the Pinellas County Campus Police Department, was on duty at Clearwater High School. At 6:45 p.m. Col-ton noticed a car with four passengers on the school’s property. Colton observed a fifth individual speaking to the people in the car. After watching the group for approximately fifteen minutes, Colton observed the occupants of the car throwing a beer can and wine cooler bottle from the car. As Colton approached the group, the car pulled away. Colton questioned Charles Townes, the individual who was standing next to the car. Townes stated that he was a student at Clearwater High but that he did not know the occupants in the ear. Townes told Colton that he had walked to school.
While Colton was speaking with Townes, the vehicle driven by McCray returned. McCray inquired as to whether Townes was “okay.” Colton asked McCray and the other occupants of the vehicle why they were on campus. They gave three different answers. Thereafter, McCray made eye contact with Townes at which time Townes changed his story and told Colton that the guys in the car had given him a ride to school.
Colton then requested identification from all of the individuals in the car. McCray was the only individual able to produce identification. A check for outstanding warrants on the individuals revealed an outstanding warrant for one of the occupants of the ear. When Colton attempted to arrest this individual, he punched Colton and fled.
Colton advised the suspects that they were under arrest for trespassing on school grounds and possession of alcohol by a person under the age of twenty-one. He further advised them that they would be released on notices to appear as long as there were no complications to the arrest.[1] When Colton searched McCray, he found cocaine inside his hat. McCray resisted arrest, and it required three officers to subdue him.
The trial court found that the stop was proper and that there was probable cause to believe the individuals were committing a trespass. The court, however, stated that McCray was not arrested because Colton issued a citation. The court stated that if Colton had arrested McCray, then it would have been proper to conduct a search incident to the arrest. The court, however, determined that McCray was not arrested because he was not taken into custody. Accordingly, the trial court granted the motion to suppress.
McCray argues that he was released on a notice to appear. There is nothing in the record to indicate that McCray was released on a notice to appear. Regardless, this court, in State v. Boulia, 522 So.2d 528, 580 (Fla. 2d DCA1988), held that instructing a defendant that he may be released on a notice to appear does not negate the officer’s authority to conduct a search incident to an arrest. The record supports that the officers placed McCray under arrest, put him in a *1019 patrol car, and read him his Miranda rights. In Boulia, this court stated that once an officer has probable cause to arrest the defendant, the officer can conduct a search of that person as incident to the arrest prior to the arrest actually being effected. Boulia, 522 So.2d at 529. Accordingly, the search of McCray’s hat was permissible as a search incident to an arrest. Boulia, 522 So.2d at 530. We, therefore, reverse the trial court’s order suppressing the seized cocaine and remand for further trial proceedings.
RYDER, A.C.J., and BLUE, J., concur.
PARKER, J., concurs specially.

. Florida Rule of Criminal Procedure 3.125 provides a procedure whereby an officer may issue a notice to appear in lieu of an arrest in misdemeanor and ordinance violation cases.