426 So.2d 1305 (1983)
Charles E. JENKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1234.
District Court of Appeal of Florida, Second District.
February 25, 1983.
*1306 Jerry Hill, Public Defender, Bartow, and Rick Dalan, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and David T. Weisbrod, Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
The defendant, Charles E. Jenkins, appeals from his conviction and sentence for violation of the Florida Comprehensive Drug Abuse Prevention and Control Act, arguing that the trial court's denial of his motion to suppress evidence was error. We affirm.
Jenkins was arrested when two police officers, Leedy and Horner, responded to a report of a suspicious parked vehicle on October 9, 1981. The officers followed footprints from the vehicle to a garage apartment which appeared to be unoccupied. The officers heard noises from the second floor of the building. As they approached, someone exited the building through a window and ran. Officer Horner followed him.
Officer Leedy proceeded into the second floor apartment and found Jenkins standing in the bathroom area. Jenkins was holding a purse, which he dropped to the floor when ordered to do so by the officer. Jenkins was placed under arrest and handcuffed to a railing at the bottom of the stairs.
Officer Horner returned from pursuing the other suspect and entered the upstairs apartment. The testimony of the two officers differed as to whether Officer Horner went upstairs specifically to get the purse or whether he went up to secure the premises without knowing that Jenkins had dropped a purse. In any event, Officer Horner saw the purse lying on the floor, picked it up, and opened it. Inside the purse were six marijuana cigarettes and a clear plastic container with several pills in it, one of which was later determined to be lysergic acid diethylamide.
Jenkins was charged with possession of a controlled substance in violation of section 893.13, Florida Statutes. Jenkins moved to suppress any evidence derived from the search of the purse on the grounds that the search was warrantless, unreasonable, and illegal. The court denied the motion, and this appeal followed.
Of the generally recognized exceptions to the requirement that a search be conducted pursuant to a warrant, one is especially applicable to the facts of this case. That exception involves a search incident to a lawful arrest. Jenkins had been placed in custodial arrest at the time the purse was searched. No argument has been made that the arrest was not lawful. Thus, the issue is whether the search was a search incident to an arrest, under the foregoing exception, when the search took place inside the upstairs apartment after Jenkins had been arrested and handcuffed to the railing downstairs.
In U.S. v. Robinson, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973) the Supreme Court upheld as a valid search the opening of a cigarette package taken from a defendant's pocket during a search of his person after a lawful arrest. The Court stated:
A custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment; that intrusion being lawful, a search incident to the arrest requires no additional justification. It is the fact of the lawful arrest which establishes the authority to search, and we hold that in the case of a lawful custodial arrest a full search of the person is not only an exception to the warrant requirement, but is also a "reasonable" search under that Amendment.
414 U.S. at 235, 94 S.Ct. at 476.
Following the Robinson decision, a warrantless search of a briefcase carried by the *1307 suspect at the time of his arrest has been upheld as reasonable. U.S. v. Eatherton, 519 F.2d 603 (1st Cir.1975); Savoie v. State, 422 So.2d 308 (Fla. 1982). In the instant case, the purse was carried by Jenkins at the time he was apprehended. The fact that the search of the purse occurred while Jenkins was handcuffed a short distance away does not make the search unreasonable.
The trial court properly denied Jenkins' motion to suppress the evidence.
AFFIRMED.
GRIMES, A.C.J., and SCHEB, J., concur.