448 So.2d 573 (1984)
Pierluigi MANCINI, Appellant,
v.
STATE of Florida, Appellee.
No. AT-58.
District Court of Appeal of Florida, First District.
April 11, 1984.
E.C. Deeno Kitchen, Lewis M. Killian, Jr., and Mary L. Sweet of Ervin, Varn, Jacobs, Odom & Kitchen, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and David P. Gauldin, Asst. Atty. Gen., for appellee.
*574 NIMMONS, Judge.
Defendant pled nolo contendere to the offense of possession with intent to sell cocaine[1] reserving the right to appeal from the trial court's order denying the defendant's motion to suppress.[2] We reverse.
On October 7, 1982, Sergeant Fussell of the Leon County Sheriff's Office obtained a warrant to search the defendant's apartment. The application for search warrant was based upon information from a confidential informant who advised Fussell that the defendant was dealing in cocaine at his apartment. Fussell surveilled a controlled buy made by the informant within ten days prior to October 7.
The warrant was not executed immediately after it was issued. Instead, during the week following issuance of the warrant, Sergeant Fussell conversed with the informant on several occasions. The gist of the additional information obtained from the informant was that the supply of cocaine remaining in the defendant's apartment was running low and that the defendant had a "personal amount" of cocaine left at the apartment.[3] The informant also advised Sergeant Fussell that the defendant would be receiving more cocaine later in the week.
At 2:30 p.m. on October 16, the informant notified Fussell that the defendant, within an hour, would be picking up a package of cocaine from the Federal Express Office.[4] The officers set up a surveillance of the defendant who was observed proceeding to the Federal Express Office in his automobile. Shortly thereafter, he was seen exiting the office with a Federal Express package, entering his automobile and driving away. The officers, who had assumed that the defendant would proceed to his apartment, intended to seize the package upon execution of the apartment search warrant. However, after following the defendant around town for a while, Sergeant Fussell stopped the defendant's automobile. He advised the defendant that he was under investigation for trafficking in cocaine and then proceeded to search the automobile. After removing the Federal Express package, the officers opened it discovering a substance which later proved to be cocaine. The defendant, who was then arrested, made the statement that the cocaine was his and that the female companion accompanying him in his automobile did not have anything to do with it. He was then taken to his apartment where the officers executed the search warrant. There, they discovered only "traces" of cocaine.
The defendant was transported to the police station where he waived his constitutional rights and made a statement "admitting the possession of cocaine."[5]
The defendant's motion to suppress sought suppression of the cocaine seized *575 from the Federal Express package, the traces of cocaine seized from the defendant's apartment, and statements made by the defendant after his arrest.
With respect to the cocaine found in the Federal Express package, the state urges that United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), is supportive of the trial court's denial of the defendant's motion. The state's reliance on Ross, however, is misplaced. Although the officers clearly had probable cause to believe that the defendant was in the process of transporting cocaine in his automobile at the time the officers stopped him, it is equally clear that the probable cause was limited to the Federal Express package as contrasted with the automobile generally. Under these circumstances, the Supreme Court has interpreted the Fourth Amendment as requiring the officers to obtain a search warrant authorizing the opening and searching of the container. Arkansas v. Sanders, 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979); United States v. Chadwick, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977). In Ross the court held that police officers who have legitimately stopped an automobile and who have probable cause to believe that contraband is concealed somewhere therein may conduct a warrantless search of the vehicle and may open any containers which may contain the contraband. Significantly, however, the court was careful to point out the distinction between the situation where, as in Ross, the probable cause information was that the contraband was somewhere within the automobile and the situation, as in Sanders, where the probable cause was limited to a container within the automobile.[6] In discussing its previous opinion in Sanders, the court in Ross stated:
The Arkansas Supreme Court ruled that the warrantless search of the suitcase was impermissible under the Fourth Amendment, and this Court affirmed. As in Chadwick, the mere fact that the suitcase had been placed in the trunk of the vehicle did not render the automobile exception of Caroll [v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925)] applicable; ...
* * * * * *
As The Chief Justice noted in his opinion [in Sanders] concurring in the judgment:
"Because the police officers had probable cause to believe that respondent's green suitcase contained marijuana before it was placed in the trunk of the taxicab, their duty to obtain a search warrant before opening it is clear under United States v. Chadwick, 433 U.S. 1, 53 L Ed 2d 538, 97 S Ct 2476 (1977)... .
"... Here, as in Chadwick, it was the luggage being transported by respondent at the time of the arrest, not the automobile in which it was being carried, that was the suspected locus of the contraband. The relationship between the automobile and the contraband was purely coincidental, as in Chadwick. The fact that the suitcase was resting in the trunk of the automobile at the time of respondent's arrest does not turn this into an `automobile' exception case. The Court need say no more." 442 US, at 766-767, 61 L Ed 2d 235, 99 S Ct 2586 [at 2594].
456 U.S. at 812, 813, 102 S.Ct. at 2166.[7]
Nor has the Supreme Court left any room for a material distinction being made between the kind of container involved in the case at bar and those which were "protected" under the court's rulings in Chadwick and Sanders. Id. at 814, n. 19, 102 S.Ct. at *576 2167, n. 19. Presumably, that is why the state has not urged upon us any such purported distinction.
Under the above authorities, the defendant was entitled to an order granting his motion to suppress directed to the contraband found in the Federal Express package and the defendant's statements made subsequent thereto.
We need not address the issue regarding the legality of the later search of the defendant's apartment where "traces" of cocaine were found. This is so because the controlled substance charged in this case was limited to the substance found in the Federal Express package. The record of proceedings initially filed with this Court was unclear as to whether the crime was possession with intent to sell the 31 grams of cocaine found in the Federal Express package or the traces of cocaine found in his apartment, or both. There was no statement of particulars identifying the substance to which the charge and plea were addressed.[8] Nor did the record contain any transcript of proceedings at the entry of the nolo plea which would, presumably, have included the factual basis supporting the plea pursuant to the requirements of Fla.R.Cr.P. 3.172(a). However, pursuant to our order, the appellant has supplemented the record by filing the transcript of the trial court proceedings which were held upon the entry of the nolo plea. The factual basis presented by the prosecuting attorney in support of the plea referred only to the cocaine found in the Federal Express package. Nothing was said concerning the traces subsequently found at the apartment. Prior to accepting a plea of guilty or nolo contendere, the trial court must receive in the record facts which support the elements of the offense to which the defendant has entered his plea. Williams v. State, 316 So.2d 267 (Fla. 1975); Shannon v. State, 406 So.2d 87 (Fla. 1st DCA 1981); Waugh v. State, 388 So.2d 253 (Fla. 2nd DCA 1980); Maselli v. State, 425 So.2d 176 (Fla. 2nd DCA 1983). The facts presented by the prosecutor as a basis for the charge, as mentioned above, were relied upon by the trial judge in accepting the defendant's plea. It is, therefore, clear that the basis of the charge was the substance found in the Federal Express package and not the traces later found at the apartment.[9]
For the above reasons, the order appealed is Reversed, the order placing the defendant on probation is vacated, and the defendant is discharged from the offense charged in the information.
SMITH and WIGGINTON, JJ., concur.
NOTES
[1] The trial court's order withholding adjudication and placing the defendant on probation describes the applicable criminal statute erroneously as "F.S. 893.135(a)(b)(1)." The correct statutory reference is Section 893.13(1)(a)1.
[2] The offense to which the defendant pled nolo contendere, possession with intent to sell cocaine, was obstensibly a lesser-included offense of the crime charged in the one-count information. The information charged that the defendant was in "possession of 28 grams (one ounce) or more of a mixture containing cocaine, contrary to Section 893.135(1)(b)1, Florida Statutes." Although the information does not allege all of the essential elements of the crime of possession with intent to sell cocaine under Section 893.13(1)(a)1, neither party has raised the issue of whether the offense to which the defendant pled was, in fact, a lesser-included offense of the crime charged.
[3] In explaining the delay in execution of the warrant, Fussell testified that he wanted to put some time between the controlled buy and the execution of the warrant in order to avoid compromising the confidentiality of the informant. He also was hoping that the additional cocaine would be delivered to the apartment before the warrant's execution so that they could remove as much cocaine as possible from "the street."
[4] No issue has been made as to the reliability of the informant.
[5] This was the only evidence submitted at the suppression hearing regarding any statements made by the defendant at the police station. It is not clear whether the defendant was referring to the cocaine discovered at his apartment or the cocaine earlier seized from his automobile.
[6] The same distinction exists between the case sub judice and the circumstances involved in Baxter v. State, 390 So.2d 475 (Fla. 1st DCA 1980), a case relied upon by the state, and in Comparato v. State, 419 So.2d 1131, 1133 (Fla. 1st DCA 1982).
[7] The court in Ross, although adhering to its holding in Sanders, see 456 U.S. at 824, 102 S.Ct. at 2172, receded from some of Sanders' broad language such as the suggestion in Sanders that "a warrantless search of a container found in an automobile could never be sustained as part of a warrantless search of the automobile itself." 456 U.S. at 814, 102 S.Ct. at 2167.
[8] The state suggests that the fact that the defendant sought to suppress the traces of cocaine found at the apartment as well as the 31 grams found earlier in the Federal Express package means that the state's charging document necessarily included the apartment substance. We cannot agree with that logic.
[9] The state's reliance upon our decision in Fitzpatrick v. State, 414 So.2d 1121 (Fla. 1st DCA 1982), is misplaced. There, we held that the failure to ascertain the factual basis for a negotiated plea of guilty was an insufficient basis for reversal absent a showing by the defendant of prejudice or manifest injustice. That case is inapposite. Also, we note that if the state had relied, for a factual basis for the offense, upon the evidence presented at the motion to suppress hearing, it would have been proper for the trial court to have also relied thereon in which case it might reasonably be inferred that the crime charged in the information encompassed the traces of cocaine found in the apartment as well as the cocaine recovered from the Federal Express package inasmuch as the evidence which was presented at such hearing included references to the substance found at the apartment. However, that is not what occurred, it being clear from the record of the proceedings conducted upon the entry of the nolo plea that the state relied solely upon the contents of the Federal Express package as the factual basis for the crime charged, the trial court having requested the prosecuting attorney to present the facts supporting the charge in order to comply with the requirements of Rule 3.172(a). See Williams v. State, supra, 316 So.2d at 273.