454 So.2d 630 (1984)
Willie C. TIPPINS, Appellant,
v.
STATE of Florida, Appellee.
No. 83-884.
District Court of Appeal of Florida, Fifth District.
July 12, 1984.
Rehearing Denied August 23, 1984.
*631 C. Michael Barnette, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
This case concerns the temporary detention of a suspected drug dealer, Tippins, based on a telephone call from an anonymous informant. The informant told the police that a black male, Willie Tippins, from West Palm Beach, driving a 1970 gold and black Cadillac with a temporary tag in the window, was selling cocaine and heroin in a specified area of Daytona Beach. The drugs were in a green bag and a gym bag.
In our view, the information was sufficiently detailed and corroborated under Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959), and Hetland v. State, 387 So.2d 963 (Fla. 1980), to justify at least reasonable suspicion for detention under Terry,[1] if not probable cause under Ross.[2] During the temporary detention of Tippins and his car, an open view of a partially concealed firearm occurred, justifying the arrest of Tippins. Ensor v. State, 403 So.2d 349 (Fla. 1981). The arrest justified a search of the passenger compartment of the car, which resulted in the discovery of the green bag containing contraband. New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981).
It is arguable that the Chadwick[3] and Sanders[4] exceptions to Ross would preclude a warrantless search of the trunk of Tippins' car, because the anonymous tip detailed that the drugs Tippins possessed were in two specified containers  a green bag and a gym bag. That argument, however, must fail in this case because the defendant has not established on this appeal that the drugs related to his convictions were found in the gym bag in the car trunk (Chadwick), rather than in the green bag in the passenger compartment (Belton). This was the burden of the appellant, not the state. The distinction between a valid warrantless search throughout an automobile based upon Ross and the necessity, under certain circumstances, for a warrant to open specific containers located within an automobile, based on the exceptions of Sanders and Chadwick, is perceptively analyzed by Judge Nimmons in the recent case of Mancini v. State, 448 So.2d 573 (Fla. 1st DCA 1984).
AFFIRMED.
COBB, C.J., and DAUKSCH, J., concur.
SHARP, J., concurs specially with opinion.
SHARP, Judge, concurring specially.
I concur with the majority opinion in its analysis of the Supreme Court interpretations of the fourth amendment up to the point where the green bag was found in the passenger compartment. The finding of the money and contraband at that point plus the specificity of the anonymous tip then, in my view, gave rise to probable cause to search the whole of the gold and black Cadillac, trunk and containers included. United States v. Ross, 456 U.S. 798, *632 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). The Chadwick[1] and Sanders[2] exceptions need not come into play at all.
Surely the police should not be in a worse position because the tipster told them too much. Had the tipster merely said the suspect was selling drugs out of a gold and black Cadillac, Ross would have justified the search of the whole vehicle under these circumstances. Knowing the color of the bags used to contain the drugs should make no difference. To the extent the majority opinion indicates it might make a difference, I respectfully disagree.
NOTES
[1] Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
[2] United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982).
[3] United States v. Chadwick, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977).
[4] Arkansas v. Sanders, 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979).
[1] United States v. Chadwick, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977).
[2] Arkansas v. Sanders, 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979).