457 So.2d 530 (1984)
Henry Marcy MANEE, Appellant,
v.
STATE of Florida, Appellee.
No. 84-277.
District Court of Appeal of Florida, Second District.
September 21, 1984.
Rehearing Denied October 24, 1984.
*531 David J. Kurland, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Frank Migliore, Jr., Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
Appellant was charged with possession of more than twenty grams of marijuana. His motion to suppress the warrantless search was denied. He then pled nolo contendere, reserving the right to appeal the denial of his motion to suppress. This appeal concerns the legality of the search.
Appellant worked for ABA Industries. The company's security officer advised the sheriff's office that appellant was dealing in narcotics in the company parking lot early in the morning and during the lunch hour. Detective Howard Reed ran a background check on appellant and learned that he had been charged with possession of marijuana in the past. Detective Reed established a surveillance of the parking lot, beginning on June 14, 1983. He watched appellant for two days and observed nothing suspicious. On both days, however, appellant left the plant in his automobile for about a half hour during his lunch period. On June 16, 1983, at about noon, Detective Reed followed appellant in his automobile to a building known as Martin Manufacturing. Approximately six minutes after appellant went inside the building, an unidentified man came out briefly and looked up and down the street in what Reed described as a "suspicious manner." About six minutes later, appellant came out of the building carrying a paper bag, immediately followed by the same unidentified man. As appellant left in his automobile, the man once again looked up and down the street before returning inside.
Detective Reed, an experienced narcotics officer, described the paper bag as being rolled down from the top onto the contents. The bag was rolled so tightly that Reed could distinguish the shape of the contents inside, that it was "something of a loose nature, because it had a round shape to it." He further explained that during his undercover work he had observed persons break up quantities of marijuana and package it for transportation using brown paper bags. Such persons "always seemed to carry" the bags in the manner of appellant. Predicated upon appellant's actions and the appearance of the bag, Detective Reed believed that the bag contained marijuana.
When appellant returned to ABA Industries, he left the bag in his automobile and went back to work. Detective Reed continued to maintain surveillance because he anticipated that a narcotics transaction was likely to ensue. However, nothing occurred. Appellant left work at 5:00 p.m., entered his car, and drove out of the parking lot. At this point, Detective Reed stopped the automobile and removed appellant from the car. Detective Reed was unable to see the bag in plain view. Without obtaining appellant's consent to search, Detective Reed entered the car and located the bag in a compartment. Upon opening the bag, he found a half pound of marijuana.
Appellant first argues that Detective Reed did not have probable cause to believe that the brown paper bag contained marijuana. We cannot accept this proposition. In P.L.R. v. State, 455 So.2d 363 (Fla. 1984), our supreme court recently upheld the seizure of a manila envelope containing marijuana at a known drug transaction site predicated upon the testimony of an experienced narcotics officer. He stated that the only use he had ever seen for this type of envelope at the location was for narcotics transactions. Here, Detective Reed, also a trained narcotics officer, was able to rely not only upon his experience with folded-down brown paper bags, but also upon appellant's suspicious activities which preceded the confrontation. Thus, Detective Reed had probable cause to seize the bag. Cf. Thompson v. State, 405 So.2d 501 (Fla. 2d DCA 1981) (police officer's testimony that marijuana is usually carried in brown manila envelopes insufficient, by itself, to sustain seizure of a brown manila envelope).
*532 Appellant's second point has more merit. He argues that even assuming that Detective Reed had probable cause to believe the bag contained marijuana, he was obligated to obtain a search warrant before opening the bag. The state justifies the warrantless search upon the doctrine of exigent circumstances surrounding automobile searches. The point is subtle, but a careful reading of recent United States Supreme Court cases on the subject leads us to conclude that the appellant's position is correct.
In Arkansas v. Sanders, 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979), the police had probable cause to believe that a suitcase containing marijuana would arrive by airplane at the Little Rock airport. The police watched as the suitcase was unloaded, placed into a taxi and driven away. The police stopped the taxi and retrieved the unlocked suitcase from the trunk. Upon opening it, they found marijuana. In quashing the warrantless search, the Court said:
The only question, therefore, is whether the police, rather than immediately searching the suitcase without a warrant, should have taken it, along with respondent, to the police station and there obtained a warrant for the search. A lawful search of luggage generally may be performed only pursuant to a warrant. In Chadwick, we declined an invitation to extend the Carroll exception to all searches of luggage, noting that neither of the two policies supporting warrantless searches of automobiles applies to luggage. Here, as in Chadwick, the officers had seized the luggage and had it exclusively within their control at the time of the search. Consequently, "there was not the slightest danger that [the luggage] or its contents could have been removed before a valid search warrant could be obtained." 433 US, at 13, 53 L Ed 2d 538, 97 S Ct 2476.
442 U.S. at 762, 99 S.Ct. at 2592, 61 L.Ed.2d at 243-44. In rejecting the contention that the "automobile exception" eliminated the requirement of obtaining a search warrant, the Court observed that a suitcase taken from an automobile stopped on the highway is not necessarily attended by any lesser expectation of privacy than is associated with luggage taken from other locations.
Only three years later, however, the United States Supreme Court in United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), upheld the warrantless search of a closed brown paper bag found in the trunk of an automobile that the police had probable cause to believe was transporting contraband. The Court ruled that if the police have probable cause to believe that a vehicle is carrying contraband, they may search it in its entirety and in the course of the search may open any containers found therein. The Court recognized that it was receding from some of the rationale of Arkansas v. Sanders but adhered to its holding in that case.
The First District Court of Appeal in Mancini v. State, 448 So.2d 573 (Fla. 1st DCA 1984), had occasion to analyze Sanders and Ross with respect to facts much like those in the instant case. There, the police had obtained a warrant to search the defendant's apartment for cocaine. They also had probable cause to believe that the defendant was going to receive a package of cocaine from a Federal Express office at a specified time. Officers established a surveillance of the defendant who was observed obtaining a Federal Express package, placing it in his automobile, and driving away. The police had assumed that the defendant would proceed to his apartment, thereby enabling them to seize the package in connection with the execution of the search warrant. However, after the defendant continued to drive around town, the police stopped the automobile, seized the package, and opened it without consent. In holding the search invalid because of the absence of a warrant, the court said:
With respect to the cocaine found in the Federal Express package, the state urges that United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), is supportive of the trial court's denial of the defendant's motion. The *533 state's reliance on Ross, however, is misplaced. Although the officers clearly had probable cause to believe that the defendant was in the process of transporting cocaine in his automobile at the time the officers stopped him, it is equally clear that the probable cause was limited to the Federal Express package as contrasted with the automobile generally. Under these circumstances, the Supreme Court has interpreted the Fourth Amendment as requiring the officers to obtain a search warrant authorizing the opening and searching of the container. Arkansas v. Sanders, 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979); United States v. Chadwick, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977). In Ross the court held that police officers who have legitimately stopped an automobile and who have probable cause to believe that contraband is concealed somewhere therein may conduct a warrantless search of the vehicle and may open any containers which may contain the contraband. Significantly, however, the court was careful to point out the distinction between the situation where, as in Ross, the probable cause information was that the contraband was somewhere within the automobile and the situation, as in Sanders, where the probable cause was limited to a container within the automobile. In discussing its previous opinion in Sanders, the court in Ross stated:
The Arkansas Supreme Court ruled that the warrantless search of the suitcase was impermissible under the Fourth Amendment and this Court affirmed. As in Chadwick, the mere fact that the suitcase had been placed in the trunk of the vehicle did not render the automobile exception of Carroll [v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925)] applicable; ...
* * * * * *
As The Chief Justice noted in his opinion [in Sanders] concurring in the judgment:
"Because the police officers had probable cause to believe that respondent's green suitcase contained marijuana before it was placed in the trunk of the taxicab, their duty to obtain a search warrant before opening it is clear under United States v. Chadwick, 433 U.S. 1, 53 L Ed 2d 538, 97 S Ct 2476 (1977)... .
"... Here, as in Chadwick, it was the luggage being transported by respondent at the time of the arrest, not the automobile in which it was being carried, that was the suspected locus of the contraband. The relationship between the automobile and the contraband was purely coincidental, as in Chadwick. The fact that the suitcase was resting in the trunk of the automobile at the time of respondent's arrest does not turn this into an `automobile' exception case. The Court need say no more." 442 US, at 766-767, 61 L Ed 2d 235, 99 S Ct 2586 [at 2594].
456 U.S. at 812, 813, 102 S.Ct. at 2166. Nor has the Supreme Court left any room for a material distinction being made between the kind of container involved in the case at bar and those which were "protected" under the court's rulings in Chadwick and Sanders. Id. [456 U.S.] at 814, n. 19 [99 S.Ct. at 2167 n. 19]. Presumably, that is why the state has not urged upon us any such purported distinction.
Under the above authorities, the defendant was entitled to an order granting his motion to suppress directed to the contraband found in the Federal Express package... .
448 So.2d at 575, 576 (footnotes omitted).
Our sister court's interpretation of Sanders and Ross appears to be correct. Ross seems to draw the distinction between a case where the police have probable cause to believe that contraband is located in a specific container within a vehicle and one in which they simply have probable cause to believe that a vehicle is transporting contraband. Carried to its extreme, this reasoning would produce the anomaly that *534 the police are at liberty to conduct a warrantless search of a vehicle which they have probable cause to believe is transporting contraband only so long as they do not know the exact container in which the contraband is located. Perhaps, however, the holding in Sanders and Mancini can be grounded upon the narrow proposition that, as in the instant case, the police had the container under surveillance before it reached the vehicle, and the fact that later it was fortuitously placed in the vehicle before being seized does not authorize the application of the "automobile exception."
Therefore, with some reluctance, we hold that while Detective Reed properly seized the brown paper bag, he should have detained appellant and obtained a warrant before searching it. Accordingly, we reverse appellant's conviction.
BOARDMAN, A.C.J., and SCHOONOVER, J., concur.