ERVIN, Chief Judge,
dissenting.
I respectfully dissent from the majority’s opinion, which I suggest represents a misapplication of the principles stated in United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). The majority presumes that the object or objects of the search were confined in one specifically identified container, a safe, and therefore it was unreasonable to extend the search to the glove compartment — a place where the officers could not justifiably believe that the safe would be placed. Although Ross states that “[pjrobable cause to believe that a container placed in the trunk of a [vehicle] contains contraband or evidence does not justify a search of the entire [vehicle] ...”, 456 U.S. at 824, 102 S.Ct. at 2172, 72 L.Ed.2d at 593, (e.s.), the information relayed to the officers in the instant case did not necessarily convey a reasonable belief that the contraband would be removed in only a single container. The officers were advised by a reliable confidential informant that one Easterling, who shared an apartment with appellee, was a cocaine supplier, and that on one occasion, while the informant was inside the apartment, she saw, in the presence of Easterling and appellee, an opened safe, within which were several clear plastic bags, containing what she believed to be cocaine. Later the apartment was placed under surveillance, and agents saw appellee and her companion carrying separate objects from the apartment and place them inside the trunk of appellee’s automobile. Based upon this information, the officers stopped the vehicle without a warrant, opened first the trunk, saw the unopened safe within it, and then searched the glove compartment of the vehicle, finding inside it marijuana and cocaine.
The facts below are clearly distinguishable from those existing in United States v. Chadwick, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977) and Arkansas v. Sanders, 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979). In both cases the automobile exception of Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), excusing warrantless searches of vehicles, was deemed inapplicable in that the Court considered the fact merely fortuitous that the objects of the search, in one case a suitcase and in the other, a foot locker, were being conveyed inside an automobile. The facts in Sanders and Chadwick coincide with those in Mancini v. State, 448 So.2d 573 (Fla. 1st DCA 1984), and Manee v. State, 457 So.2d 530 (Fla. 2nd DCA 1984), wherein the information provided to the officers clearly revealed that the objects of the search would be transported within a specific container (in Mancini a Federal Express package and in Manee a paper bag). In both cases the seizure of the containers and their contents was suppressed as violative of the warrant clause.
In the case at bar, the informant had seen a substance that she believed to be cocaine inside clear plastic bags, which at the time was located within a safe. Was it reasonable to believe that the cocaine would later be moved from the apartment, while only inside the safe? Having possession of reliable information, the officers were entitled to believe that the appellee herself was a supplier of cocaine, and that although cocaine had been seen at least on one occasion within a safe inside appellee’s apartment, they could also reasonably rely on their own experience as narcotics officers to lead them to believe that small amounts of cocaine could be carried by some means other than by safe and placed in other areas of the car than its trunk. The object of the search was the cocaine— not the safe — and the search, in my judgment, reasonably extended into all parts of the vehicle where cocaine could be placed.
Alternatively I would agree with the state’s inevitable discovery theory, advanced in Nix v. Williams, — U.S. -, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984). If the majority is correct in its conclusion that the object of the search was the safe and its contents, I am of the view that the contraband inside the glove compartment *74 would inevitably have been discovered during an inventory search conducted by the police following seizure of the car. Whether appellee was effectively under arrest at the time of the search of the glove compartment is immaterial. It is clear that the officers had probable cause to stop the vehicle, and either then or at a later time were authorized to search the trunk of the automobile. Thus, it is immaterial whether or not Williams was arrested prior to the time the search of the glove compartment transpired, in that the officers minimally had probable cause to search the contents of the trunk, and once those contents seized, the contents concealed in the remaining areas of the vehicle would inevitably have been discovered pursuant to an inventory search. The scope of an inventory search of a vehicle, stopped upon probable cause, has been stated as follows:
... In Chambers v. Maroney, 399 U.S. 42, 26 L.Ed.2d 419, 90 S.Ct. 1975 (1970), we held that when police officers have probable cause to believe there is contraband inside an automobile that has been stopped on the road, the officers may conduct a warrantless search of the vehicle, even after it has been impounded and is in police custody. We firmly reiterated this holding in Texas v. White, 423 U.S. 67, 46 L.Ed.2d 209, 96 S.Ct. 304 (1975). See also United States v. Ross, 456 U.S. 798, 807, n. 9, 72 L.Ed.2d 572 [102 S.Ct. 2157, 2163, n. 9] (1982). It is thus clear that the justification to conduct such a warrantless search does not vanish once the car has been immobilized; nor does it depend upon a reviewing court’s assessment of the likelihood in each particular case that the car would have been driven away, or that its contents would have been tampered with, during the period required for the police to obtain a warrant.—
Michigan v. Thomas, 458 U.S. 259, 261, 102 S.Ct. 3079, 3081, 73 L.Ed.2d 750, 753 (1982) (footnotes omitted). Accord Florida v. Meyers, — U.S. -, 104 S.Ct. 1852, 80 L.Ed.2d 381 (1984). I would therefore reverse the trial court’s order granting the motion to suppress and remand the case for further proceedings.