MILLS, Judge.
Vathis appeals the denial of his motion to suppress evidence found during a warrant-less search of two containers in his car trunk. We affirm.
The Tallahassee Police Department received confidential information that someone from Bay County, Florida, would be driving to a Tallahassee apartment to deliver a shipment of marijuana and/or cocaine. A police surveillance team assigned to watch the apartment observed the arrival *424 of an automobile bearing a Bay County license plate. Its driver (Vathis) removed an ice chest and garbage bag from the trunk. He took these items into the apartment and, sometime later, brought them out and replaced them in the trunk. The car pulled away and was able to elude Tallahassee officers.
The Tallahassee police then issued a BOLO (“be on the lookout”) for the vehicle via teletype, describing the car and stating that the “subject should have a trunk load of marijuana....” The car was sighted by officers in Blountstown, Florida, and stopped. Vathis emerged from the vehicle and, after the officers explained the reason for the stop, signed a consent to search. The officers opened the car trunk, wherein reposed the ice chest and bag. Both were opened. The garbage bag contained in excess of five pounds of marijuana; the chest was empty. Vathis was arrested for possession of marijuana. His motion to suppress this evidence was denied and he entered a plea of nolo contendere, reserving the right to appeal the denial.
Vathis’ argument on appeal centers on U.S. v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), which held that officers who have legitimately stopped an automobile and who have probable cause to believe that contraband is concealed somewhere therein may conduct a warrantless search of the vehicle and may open any containers which may contain the contraband. Vathis acknowledges this holding, but points out that the Ross court distinguished from this principle the situation where the probable cause is limited to a container only coincidentally within an automobile. Such coincidental relationship does not obviate the officers’ duty to obtain a warrant before searching the containers.
This court has acknowledged this exception in its recent decision in Mancini v. State, 448 So.2d 573 (Fla. 1st DCA 1984). In that case, police had information that a certain Federal Express package contained cocaine. They observed the defendant pick up the package and place it in his car. The car was stopped and the package searched without a warrant, revealing cocaine. The court held that the probable cause was limited to the Federal Express package; it was not directed to the automobile itself. A warrant authorizing the package search was therefore required under Ross. Mancini at 575. We do not believe Mancini controls in the instant case.
In this case, the only information possessed by the police was that a vehicle would arrive from Bay County transporting drugs. No specific container was mentioned and none initially looked for. When the vehicle was spotted at the apartment, it was not immediately searched. If it had been, the containers could have been lawfully opened under Ross since the officers had probable cause to believe contraband was secreted somewhere in the vehicle. Instead, the police continued their observation and saw the two containers being removed and replaced. They then apparently formed the belief that the containers carried contraband, as reflected by the wording of the BOLO that the marijuana was located in the car trunk.
We do not believe that this independent correlation of the containers with the contraband creates a situation similar to that in Mancini. In that case, probable cause was formed as to a container entirely apart from a vehicle; the container’s later relationship to the car was wholly coincidental. Here, the officers’ original probable cause was to believe that Vathis’ vehicle itself contained contraband. Later observation of the removal and replacement of the containers led police to believe that at least some of the contraband was located therein, but they had no reason to believe that all of the contraband in the vehicle was in the containers.
Based on the foregoing, we find that the warrantless search of these containers was permissible under Ross. We affirm.
BOOTH, C.J., and JOANOS, J., concur.