577 So.2d 973 (1991)
Jerome MINNIS, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1867.
District Court of Appeal of Florida, Fourth District.
March 27, 1991.
*974 Geoffrey C. Fleck of Friend, Fleck & Gettis, South Miami, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol Cobourn Asbury, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Jerome Minnis appeals his conviction for trafficking in cocaine and argues that the trial court erred in failing to grant his motion to suppress evidence which was seized from a closed opaque container within the trunk of his vehicle. We affirm.
On June 10th, 1988 Detective Kevin Minger received information from a confidential informant that Jerome Minnis, aged 33, who was 6/2" tall and about 200 pounds, would travel to a certain address in Miami to pick up one-half to one kilogram of cocaine and transport it to Hollywood in a two-door brown Datsun.[1] This was the first time that the police were using this confidential informant. An hour later Detective Minger and Detective Michael O'Hara saw the Datsun arrive, as predicted, at the address. The vehicle and the driver matched the informant's detailed description. A teletype check of the tag number revealed the owner as Jerome Minnis. Minnis left the residence after five or ten minutes carrying a brown paper bag, placed the bag in the trunk of his vehicle, and started north on I-95. Shortly thereafter the police stopped the vehicle and advised Minnis that they had reason to believe that there were narcotics in the trunk of the car. Detective Minger said, "You don't have a problem with me searching your trunk, do you?" Minnis replied, "Well, I'd rather not have you." Minnis was removed from his vehicle and seated in the back of the patrol car. The police retrieved Minnis' keys from the ignition, unlocked the trunk, seized the bag and opened it. The bag contained cocaine.
Minnis was charged with trafficking in cocaine and filed a motion to suppress the evidence. The trial court denied the motion on several bases. The court ruled that the police had probable cause to stop and arrest Minnis based upon the specific information which they had received and their personal observation of the events. The court ruled:
That Minger and O'Hara had probable cause to stop and arrest Minnis. Draper v. United States, 358 U.S. 307, 3 L.Ed.2d 327, 79 S.Ct. 329 (1959); Tippins v. State, 454 So.2d 630 (Fla. App. 5th Dist. 1984). They had specific information such as the name and description of the defendant, what type of car he would drive, and where he would be picking up the cocaine. The detectives were able to personally observe the events which the informant said would occur which gave them probable cause to believe that the defendant was in the process of committing the offense of trafficking in cocaine.
Further, the court ruled that the opening of the trunk, and the opening of the bag was valid:

*975 That the opening of the trunk, removal of the bag and opening of the bag was a valid search incident to a lawful arrest. The area of warrantless vehicle searches has gradually expanded over recent years. In 1981, the United States Supreme Court allowed police to search the passenger compartment without a warrant when a lawful custodial arrest was made of the occupant of a vehicle. New York v. Belton, 453 U.S. 454 69 L.Ed.2d 768, 101 S.Ct. 2860 (1981). In United States v. Ross, 456 U.S. 798, 72 L.Ed.2d 572, 102 S.Ct. 2157 (1982), the Supreme Court allowed police officer who had probable cause that contraband was located somewhere in the vehicle to search the vehicle and open any container large enough to hold contraband without a warrant. Ross partially removed the burden upon law enforcement to obtain a search warrant set by the earlier cases of Arkansas v. Sanders, 442 U.S. 753, 61 L.Ed.2d 235, 99 S.Ct. 2586 (1979) and United States v. Chadwick, 433 U.S. 1, 53 L.Ed.2d 538, 97 S.Ct. 2476 (1977).
The enlarging of the area for a warrantless vehicle search has also occurred in cases emerging from the courts of this state. Originally searches of this type were suppressed. E.g. Mancini v. State, 448 So.2d 573 (Fla.App. 1st Dist. 1984); Manee v. State, 457 So.2d 530 (Fla.App. 2d Dist. 1984). However, the Fifth District Court of Appeals upheld searches similar to the one at bar under the search incident to lawful arrest in Tippins v. State, supra and State v. Diaz, supra. The difference with the case at bar, however, is that the contraband was located in the passenger compartment.
Recently, the Third District Court of Appeals extended the area of a search incident to a lawful arrest to that outside of the passenger compartment. In State v. James, 526 So.2d 188 (Fla.App. 3d Dist. 1988), a search of a bag which the officer had probable cause to believe there was contraband and was hidden behind a gas flap was upheld as a valid search incident to arrest. The court reasoned that the police already possessed probable cause that a particular object in view is a fruit, instrumentality, or evidence, then it is unobjectionable that they proceed to inspect it carefully in order to confirm this probability.
After the denial of his motion to suppress Minnis was convicted of trafficking in cocaine and appeals. On appeal Minnis now argues that the trial court erred in failing to grant his motion to suppress. He argues that the police officers should have obtained a warrant to open the paper bag which they had probable cause to believe contained cocaine. He relies on United States v. Chadwick, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977) and Arkansas v. Sanders, 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979) for the proposition that once probable cause is focused on a container within a vehicle then the police must obtain a search warrant to open the container. He further argues that the trial court erroneously held that the search and seizure was lawful, as incident to Minnis' arrest, despite the fact that the container was not near the defendant at the time of the arrest.
We reject Minnis' argument and agree with the trial court that the search was proper. In United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982) the police received information from an informant that a certain individual was selling narcotics kept in the trunk of a certain car parked at a specific location. The police immediately drove to the location, stopped the car and arrested the driver. One of the officers opened the car's trunk and found a closed brown paper bag. Inside the bag the officer discovered plastic bags containing heroin. The U.S. Supreme Court upheld the warrantless search on grounds that police who have legitimately stopped an automobile, and who have probable cause to believe that contraband is concealed somewhere within it, may conduct a warrantless search of the vehicle that is as thorough as a magistrate could authorize by warrant. Where police officers have probable cause to search an entire vehicle, they may conduct a warrantless search of every part of the vehicle and its contents, including all containers and *976 packages that may conceal the object of the search. The court specifically held that the scope of a warrantless search is not defined by the nature of the container in which the contraband is secreted, but rather, it is defined by the object of the search and places in which there is probable cause to believe that it may be found. The court ruled that the police could conduct a warrantless search of the vehicle as thorough as a magistrate could authorize by warrant. However the court further noted that the automobile exception does not apply so as to permit a warrantless search of any movable container which is placed in a vehicle if the car is not otherwise believed to be carrying contraband.[2]
We rely on Ross because here the probable cause was not "focused" on the brown paper bag. It is clear that the confidential informant never told the police how Minnis would transport the drugs once he obtained them. The police had no information indicating that the drugs would be carried in a brown paper bag. When they saw Minnis go into the residence where the illegal activities were supposed to take place and subsequently place a bag in the trunk of his vehicle, they did not know that the bag contained the contraband. The illegal drugs could just as well have been secreted on Minnis' person. Likewise, after entering the car he could have placed the drugs within the passenger compartment of the vehicle. In other words, there was no "focus" on the bag and probable cause was directed toward the vehicle in general. Since a magistrate could have authorized a search of the vehicle (including containers) by a warrant, the warrantless search conducted by the police could be of equal scope. Under Ross any closed container found within the vehicle, including the brown paper bag, which could have concealed the drugs could have been properly searched. See also, United States v. Johns, 469 U.S. 478, 105 S.Ct. 881, 83 L.Ed.2d 890 (1985.)
We believe that another case upon which the appellant relies  Mancini v. State, 448 So.2d 573 (Fla. 1st DCA 1984) is distinguishable. In Mancini a police officer obtained information from a CI who advised that the defendant would be picking up a package of cocaine in a Federal Express package. The officer watched the defendant pick up the package, followed him a short time and then stopped the car. The officer searched the car and opened the Federal Express package. It contained cocaine. The trial court denied the motion to suppress. On appeal the district court reversed and discussed Ross. The court ruled that the probable cause was limited to the Federal Express package and not with the automobile generally. The court concluded that under Sanders[3] the officer was required to obtain a warrant to open the package. The court noted that it was clear that the probable cause was limited to the Federal Express package as contrasted to with the automobile generally. In the case at bar the probable cause was directed to the vehicle in general and not to a specific package.
We also disagree with Minnis' assertion that the police had no probable cause because the confidential informant was unproven and therefore unreliable. In the recent case of Alabama v. White, ___ U.S. ___, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990) the United States Supreme Court held that an anonymous telephone tip, which was corroborated by independent police work, exhibited sufficient indicia of reliability to provide a reasonable suspicion to make an investigatory stop of the defendant's vehicle. Furthermore, in Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), which dealt with an anonymous tip in the probable cause context, the court held that the totality of the circumstances determined whether an informant's tip established probable cause. There, an anonymous letter indicated that the defendants *977 were involved in drug related activities and predicted future criminal activities. Major portions of the letter's predictions were corroborated by independent police work. On review the Supreme Court held that the warrant, which had been issued to search the defendants' house and car, had been supported by probable cause.
In the instant case independent police surveillance corroborated the detailed information which the informant had provided regarding Minnis' physical description, the date of his birth, where he lived, the type of car which he would be driving and the address in Miami where the illegal activities were to occur. Thus, there was probable cause to stop and search the vehicle. Accordingly, we affirm the denial of the motion to suppress and Minnis' subsequent conviction.
AFFIRMED.
HERSEY, C.J., POLEN, J., and WALDEN, JAMES H., Senior Judge, concur.
NOTES
[1] There was also some information that Minnis might have drugs and a gun in a sneaker somewhere in the vehicle.
[2] This results in the anomaly that if the police have too much information about where the drugs are in the car then they have to get a warrant to open the package, whereas if they only believe that the drugs are "somewhere" in the vehicle then they can search the entire vehicle.
[3] Arkansas v. Sanders, 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979.)