POLEN, Judge.
Maurice Poole appeals his conviction for trafficking cocaine in excess of twenty-eight (28) grams and aggravated battery on a police officer, raising four points on appeal. We affirm.
We find no error in the denial of Poole’s motion to disqualify the trial judge, as we do not believe the facts alleged by Poole in his motion would lead a reasonably prudent person to believe they would not get a fair trial, and at most created a subjective fear.[1] See Fischer v. Knuck, 497 So.2d 240 (Fla.1986) (asserted facts in a verified motion to disqualify a judge must be reasonably sufficient to create a well founded fear in mind of party that he or she will not receive a fair trial, rather than just a subjective fear). We also affirm the trial court’s denial of Poole’s motion to suppress as the officer had probable cause to search Poole’s vehicle. See Minnis v. State, 577 So.2d 973 (Fla. 4th DCA 1991) (police officers were not required to obtain warrant to search paper bag found in trunk of automobile where they had probable cause to believe, based on their observations confirming portions of confidential informant’s detailed tip, that drugs were located some place in vehicle or on driver’s person). We also agree with the trial court that the state *1098 proved Poole possessed the requisite amount of cocaine to sustain a conviction for trafficking.
Finally, we affirm based on a consideration of Poole’s fourth point on appeal, in which he alleges it was error to allow a courthouse hallway demonstration of the use of 10 x 50 binoculars to rebut Poole’s expert’s testimony on the scope of view of the 10 x 50 binoculars. We find that the allowance of the demonstration constituted harmless error. State v. DiGuilio, 491 So.2d 1129 (Fla.1986). We write, however, to caution prosecutors against seeking, and trial judges against allowing, such demonstrations when the circumstances are not sufficiently similar to the event being reenacted. The binoculars used by the officer to observe Poole were used outside, before sunset, from a different angle, with shrubbery in the vicinity; rather than in a clear, artificially lit hallway. In addition, the binoculars used in the hallway, although the same power of magnification, were not the exact ones used by the officer. We thus hold it was error to allow the demonstration, but we are of the view this error did not contribute to appellant’s conviction beyond a reasonable doubt. DiGuilio.
SHAHOOD, J., concurs.
PARIENTE, J., concurs in part and dissents in part with opinion.

. Appellant decries what we would characterize as the “casual demeanor" of the judge during the course of the suppression hearing, when no jury was present. While we do not condone what the judge did, as it certainly does not lend itself to the dignity of the bench, we do not see how it could affect defendant any more than it would the state, in terms of whether the judge was paying sufficient attention to the proceedings. As to the comments made before the conclusion of the evidence, we liken them to mental impressions held insufficient to warrant disqualification of the judge in Wargo v. Wargo, 669 So.2d 1123 (Fla. 4th DCA 1996).